1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Plaintiffs
   Suzanne Schreiber and Jeffrey Schreiber
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11

12 SUZANNE SCHREIBER, an              )  CASE NO.
   individual; JEFFREY SCHREIBER,     )
13 an individual,                     )  C07-02467
                                      )
14           Plaintiffs,              )
                                      )  COMPLAINT FOR DECLARATORY
15      vs.                           )  JUDGMENT
                                      )
16 ROBERT MICHAEL SIEMONS, an         )
   individual,                        )
17                                    )
             Defendant.               )
18 _____)

19                                           BY FAX

SCHREIBER V. SIEMONS
COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiffs herein SUZANNE SCHREIBER and JEFFREY SCHREIBER (collectively "Plaintiffs"), hereby allege as follows:

## INTRODUCTION

1. This is an action seeking a declaratory judgment in favor of Plaintiffs, pursuant to 28 U.S.C. § 2201. Defendant contends that he was the victim of identity theft, and that the thief opened a First USA Bank, N.A. credit card account using Defendant's name and personal identifying information. Defendant also alleges that he reported this fact to the Plaintiffs. Defendant claims the Plaintiffs continued to attempt to collect the debt from him, and that they continued to report inaccurate information concerning Defendant and the delinquent credit card account to the consumer reporting agencies. The Plaintiffs deny all of the Defendant's allegations. The Plaintiffs contend that their alleged conduct is governed by provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* which preempts state laws purporting to govern the alleged acts at issue herein. Plaintiffs assert that they have no liability to the Defendant under state or federal law, and that they are entitled to a declaratory judgment in their favor.

## JURISDICTION

2. Jurisdiction in this Court arises under 15 U.S.C. § 1681 *et. seq.*, the Fair Credit Reporting Act, and 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgment Act. The claims at issue arise under federal law, and the Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1331.

## VENUE

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

4. This suit is properly assigned to the Oakland Division of this Court in that a substantial part of the events or omissions giving rise to this suit occurred in Contra Costa County and/or Alameda County, California.

## THE PARTIES

5. Plaintiff Suzanne Schreiber is an individual residing in Andover, Massachusetts.

6. Plaintiff Jeffrey Schreiber is a individual residing in Marion, Indiana.

7. Defendant Robert Michael Siemons is an individual who on information and belief resides in Contra Costa County, California.

## IDENTITY THEFT DUTIES UNDER THE FCRA

8. The Fair Credit Reporting Act, 15 U.S.C. § 1681, as amended by the Fair and Accurate Credit Transactions Act of 2003 (FACT Act) (Public Law 108-159) (collectively, "the FCRA"), includes a comprehensive set of provisions designed, *inter alia*, to regulate the conduct of consumers and business who are victimized by or affected by identity theft.

9. The FCRA defines "identity theft" at 15 U.S.C. § 1681a(q)(3) as "a fraud committed using the identifying information of another person, subject to further definition as the [Federal Trade Commission] may prescribe, by regulation."

10. The term "identity theft report" is defined at 16 C.F.R. § 603.3(a) as a report that "alleges identity theft with as much specificity as the consumer can provide"; and which is an "official, valid report filed by the consumer with a Federal, State, or law enforcement agency, . . . the filing of which subjects the person filing the report to criminal penalties relating to the filing of false information . . .," and

which may include additional information or documentation as requested by an information furnisher under certain circumstances.

11. The FCRA regulates the reporting of accurate information to consumer reporting agencies. The statute provides at 15 U.S.C. § 1681s-2(a)(1)(A) that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

12. The FCRA regulates the publication of disputed consumer information to consumer reporting agencies. The statute provides at 15 U.S.C. § 1681s-2(a)(3) that if "the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."

13. The FCRA regulates the publication of account information to consumer reporting agencies where the information reported arose as the result of identity theft. The statute provides at 15 U.S.C. § 1681s-2(a)(6)(B) that if a consumer submits an "identity theft report" to a furnisher of information at an address specified by the furnisher, and states that the information maintained by the furnisher that purports to relate to the consumer resulted from identity theft, then the furnisher may not thereafter furnish such information to any consumer reporting agency, unless the furnisher subsequently knows or is informed by the consumer that the information is correct.

14. The FCRA regulates the conduct of consumers who wish to dispute the publication of identity theft information. The statute provides at 15 U.S.C. § 1681s-2(a)(8)(D) that a consumer "who seeks to dispute the accuracy of information" reported by any person "shall provide a dispute notice directly to such person at the address specified by the person for such notices that (i) identifies the specific information that is being disputed; (ii) explains the basis for the dispute; and (iii)

1  includes all supporting documentation required by the furnisher to substantiate the
2  basis of the dispute."
3      15.   The FCRA mandates that furnishers of information must investigate
4  consumer disputes concerning the publication of account information, including
5  information that allegedly resulted from identity theft. The statute provides at 15
6  U.S.C. § 1681s-2(a)(8)(E) that after receiving notice of a dispute from a consumer
7  pursuant to section 1681s-2(a)(8)(D), the person furnishing the information shall "(i)
8  conduct an investigation with respect to the disputed information; (ii) review all
9  relevant information provided by the consumer in the notice; (iii) complete such
10 person's investigation of the dispute and report the results of the investigation to the
11 consumer . . . ; and (iv) if the investigation finds that the information reported was
12 inaccurate, promptly notify each consumer reporting agency to which the person
13 furnished the inaccurate information of that determination and provide to the agency
14 any correction to that information that is necessary to make the information provided
15 by the person accurate."
16     16.   The FCRA regulates the sale of, transfer of, or collection activity on,
17 identity theft accounts. The statute provides at 15 U.S.C. § 1681m(f)(1) that no
18 person "shall sell, transfer for consideration, or place for collection a debt that such
19 person has been notified" has resulted from identity theft.
20     17.   The FCRA regulates the conduct of debt collectors who seek to recover
21 sums due on alleged identity theft accounts. The statute provides at 15 U.S.C. §
22 1681m(g) that when any person is acting as a "debt collector," as defined by 15
23 U.S.C. § 1692a, and collecting on behalf of a third party that is a creditor or other
24 user of a consumer report, and is "notified that any information relating to a debt that
25 the person is attempting to collect may be fraudulent or may be the result of identity
26 theft," then the debt collector shall "notify the third party that the information may be
27 fraudulent or may be the result of identity theft" and "upon request of the consumer
28 to whom the debt purportedly relates, provide to the consumer all information to

which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person."

## PREEMPTION AND STANDING UNDER THE FCRA

18. The FCRA preempts all state law claims which relate to the responsibilities of furnishers to report accurate information and to investigate disputes from consumers, including disputes relating to alleged identity theft accounts. The statute provides at 15 U.S.C. §1681t(b)(1)(F) that "no requirement or prohibition may be imposed under the laws of any State with respect to the subject matter regulated under . . . . [§1681s-2] relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."

19. The FCRA provides at 15 U.S.C. § 1681t(b)(5)(F) that "no requirement or prohibition may be imposed under the laws of any State with respect to the conduct required by the specific provisions of [§ 1681s-2(a)(6)]" concerning the reporting of information relating to any identity theft account.

20. The FCRA also preempts all state law claims concerning the sale of identity theft accounts, and all attempts to collect on the balances allegedly due on identity theft accounts. The statute provides at 15 U.S.C. § 1681t(b)(5)(H) that "no requirement or prohibition may be imposed under the laws of any State with respect to the conduct required by the specific provisions of [§§ 1681m(f) or 1681m(g)]" concerning the sale, transfer or collection on any identity theft account.

21. The FCRA does not permit consumers to pursue a private right of action against a furnisher based upon the furnisher's alleged conduct in publishing false or inaccurate information to consumer reporting agencies concerning any account, including any identity theft account. The statute provides at 15 U.S.C. § 1681s-2(c) that the provisions of sections 1681n and 1681o of the FCRA, which provide consumers with the right to pursue claims for wilful or negligent violation of the

FCRA, "do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681s(c)(1)(B) of this title." Further, 15 U.S.C. § 1681s-2(d) provides that the provisions of subsection (a) of that section "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section."

## FACTUAL ALLEGATIONS

22.   Plaintiffs are informed and believe and based thereon allege that Defendant is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

23.   Plaintiffs are informed and believe and based thereon allege that Defendant contends that he is the victim of "identity theft" as defined by 15 U.S.C. § 1681a(q)(3), and that Defendant has filed an "identity theft report" as that term is defined by 16 C.F.R. § 603.3(a). Plaintiffs dispute these assertions.

24.   Plaintiffs are informed and believe and based thereon allege that Defendant contends that Plaintiffs are "persons" within the meaning of 15 U.S.C. § 1681a(b) who have published false and inaccurate information about Defendant to consumer reporting agencies, within the meaning of 15 U.S.C. § 1681s-2(a)(1)(A). Plaintiffs dispute these assertions.

25.   Plaintiffs are informed and believe and based thereon allege that Defendant contends that he properly notified Plaintiffs that he was the victim of alleged identity theft, but that Plaintiffs continued to report information about him to consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(a)(6)(B). Plaintiffs dispute these assertions.

26.   Plaintiffs are informed and believe and based thereon allege that Defendant contends that he submitted a dispute to Plaintiffs, consistent with the requirements of 15 U.S.C. § 1681s-2(a)(8)(D), and that upon receiving the dispute, the Plaintiffs failed to conduct a proper investigation, consistent with the requirements of 15 U.S.C. § 1681s-2(a)(8)(E). Plaintiffs dispute these assertions.

27.  Plaintiffs are informed and believe and based thereon allege that Defendant contends that Plaintiffs have sold his account, transferred his account for consideration, or placed his account for collection, after Plaintiffs were notified that the account resulted from identity theft, in violation of 15 U.S.C. § 1681m(f)(1). Plaintiffs dispute these assertions.

28.  Plaintiffs are informed and believe and based thereon allege that Defendant contends that Plaintiffs were notified that the debt they were attempting to collect may be fraudulent or the result of identity theft, but Plaintiffs failed to notify the third party on whose behalf they were collecting, and that Plaintiffs failed to supply Defendant with information he was entitled to receive, in violation of 15 U.S.C. § 1681m(g). Plaintiffs dispute these assertions.

29.  Defendant contends that he has standing to pursue claims against Plaintiffs based upon their alleged conduct and communications with respect to his account, and Defendant contends that he may assert such claims under state law, including claims for defamation, negligence, intentional infliction of emotional distress, and for violations of California Civil Code section 1747.17(a). Plaintiffs dispute these assertions.

### FIRST CAUSE OF ACTION
(Declaratory Judgment)

30.  Plaintiffs reallege and incorporate by this reference each and every allegation in paragraphs 1 through 29 of this Complaint.

31.  An actual and present controversy exists between the parties with respect to the facts alleged above, regarding the legal rights and obligations of the parties, and regarding Plaintiffs' liability, if any, to Defendant, concerning the account, the collection efforts and reporting of information.

32.  The Defendant contends:

    A.  that he was the victim of identity theft;

   B.   that the thief utilized Defendant's personal identification information to open a First USA Bank, N.A. credit card account in Defendant's name;

   C.   that Defendant filed an identity theft report;

   D.   that Defendant informed Plaintiffs that he was the victim of identity theft and that he was not responsible for the charges incurred on the First USA Bank, N.A. credit card account;

   E.   that Plaintiffs were attempting to collect the amount due on the First USA Bank, N.A. account from Defendant;

   F.   that Plaintiffs were reporting false or inaccurate information concerning the Defendant and the identity theft account to the consumer reporting agencies;

   G.   that despite notification by Defendant, the Plaintiffs continued to attempt to collect the debt, and continued to report false or inaccurate information concerning the Defendant and the account to the consumer reporting agencies;

   H.   that Defendant has standing to sue Plaintiffs under state law based upon their alleged conduct; and,

   I.   that Plaintiffs proximately caused and are legally responsible for damages caused to Defendant.

33. The Plaintiffs deny all of the material allegations made by Defendant with respect to their alleged conduct. The Plaintiffs contend:

   A.   that assuming that Defendant is the victim of identity theft, and assuming that the First USA Bank, N.A. credit card account was opened by the thief in Defendant's name, Plaintiffs were not aware of these facts;

   B.   that Plaintiffs were not acting in their individual capacities in seeking to collect the balance of the account from Defendant;

C. that Plaintiffs were not acting in their individual capacities in furnishing information to the consumer reporting agencies concerning the Defendant or the account;

D. that Plaintiffs were not legally responsible as furnishers of information concerning the Defendant or the account;

E. that Plaintiffs were not notified by Defendant of any dispute concerning the account, nor were they aware that Defendant alleged that the account was opened as a result of identity theft;

F. that Plaintiffs were not notified of Defendant's identity theft claim, and were not legally responsible for conducting any investigation with respect to any dispute submitted by Defendant concerning the account;

G. that Plaintiffs were not required to modify or cease reporting information to the consumer reporting agencies concerning the Defendant or the account;

H. that Plaintiffs were not required to refrain from selling, transferring, or continuing to attempt to collect on the account;

I. that Defendant lacks standing to assert any claims against Plaintiffs under state or federal law concerning the Plaintiffs' alleged role in reporting false or incomplete information to consumer reporting agencies concerning the Defendant or the account, or Plaintiffs' alleged role in attempting to collect the debt.

J. that any state law claim that Defendant may seek to assert against Plaintiffs concerning their alleged conduct with respect to Defendant or the account is preempted by the provisions of the Fair Credit Reporting Act; and,

K.  that Plaintiffs did not proximately cause any compensable damages to Defendant.

34. Plaintiffs respectfully request that this Court determine the rights and legal obligations of the parties with respect to the dispute, and that it enter a declaratory judgment in Plaintiffs' favor, and against Defendant, holding that Plaintiffs are not legally responsible for any alleged harm caused to Defendant arising out of the facts identified herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For a Declaratory Judgment in favor of Plaintiffs, holding that Plaintiffs are not legally responsible for any harm caused to Defendant, that Plaintiffs' alleged conduct, if any, in connection with publishing information concerning Defendant or the account, or in attempting to collect on the account, is governed by and is preempted by the provisions of the Fair Credit Reporting Act, and that Defendant lacks standing to pursue any claims against Plaintiffs under federal or state law with respect to the alleged conduct identified herein.

2. For reasonable costs and attorneys' fees;

3. For such other and further relief as the court may deem proper.

Dated: May 7, 2007

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: _____
Tomio B. Narita
Attorneys for Plaintiffs