1  Stephen A. Cain, SB#111049
   Attorney at Law
2  1101 Standiford Avenue, Suite D-2
   Modesto  CA  95350
3  Telephone: (209) 567-1300
   Fax: (209) 567-1304
4
   Attorney for Defendant
5  ROBERT MICHAEL SIEMONS

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  SUZANNE SCHREIBER, an individual;        Case No.: C07-02467
13  JEFFREY SCHREIBER, an individual,
                                             EXHIBITS ATTACHED TO THE
14          Plaintiffs,                      DECLARATION OF STEPHEN A. CAIN IN
                                             SUPPORT OF MOTION TO DISMISS
15      vs.
                                             F.R.C.P. 12 (b) (1)
16  ROBERT MICHAEL SIEMONS, an individual,
                                             Date: July 10, 2007
17          Defendant.                       Time: 9:30 a.m.
                                             Courtroom 11, 19th Floor
18                                           JUDGE MARTIN J. JENKINS

19

20

21

22              EXHIBITS A to F

23

24

25

26

27

28

EXHIBITS A TO F                                        Case C-07-02467 MJJ

- 1 -

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto CA 95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

FILED BY FAX
ALAMEDA COUNTY

August 25, 2004

CLERK OF
THE SUPERIOR COUF
EXIT Rosanne Case, Dep

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

CASE NUMBER:

VG04172155

| | |
|---|---|
| ROBERT MICHAEL SIEMONS, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| FIRST U.S.A. BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, WILLIAM D. KWIATEK, JASON MAPLES, RANDALL NEIN, and DOES 1-100, inclusive, | |
| Defendants. | |

Plaintiff alleges:

1. The defendant FIRST USA BANK, N.A. is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts, hereinafter alleged, within the State of California.

2. The defendant S & A SERVICES OF MARION, LTD, is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts hereinafter alleged, within the State of California.

3. The defendant TRIAD, is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts hereinafter alleged, within the State of California.

////

COMPLAINT - 1

Ex. A

4. The defendants RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK are individuals whose state of residence is unknown to the plaintiff as of the present time, that at all times relevant to this lawsuit were doing business and committing the torts hereinafter alleged, within the State of California.

5. At all times herein mentioned, plaintiff was and now is an officer and management employee of a business known as Siemons Mailing Service, Inc., located in the City of Berkeley, County of Alameda, State of California and a resident of Contra Costa County, California and at all times relevant hereto, other than for the conduct complained of in this lawsuit, has enjoyed a good reputation both generally and in his occupation.

6. The plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the plaintiff's damages as herein alleged were proximately caused by their conduct.

7. The defendants FIRST USA BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK and DOES 100, at all times herein mentioned were the agents and employees of their codefendants FIRST USA BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK and DOES 1-100 and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their co-defendants.

8. That on March 10, 2003, FIRST USA BANK, N.A. confirmed in writing that the plaintiff did not owe any money to FIRST USA BANK, N.A..

9. That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has ever had an account with any of the defendants.

10. That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has ever received any money from any of the defendants.

11.    That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has received any credit from any of the defendants.

12.    That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has entered into any contract with any of the defendants.

13.    That within one year prior to the filing of this complaint, the defendants FIRST USA BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK and DOES 1-100 have sent and continue to send a report ("report") of credit information regarding the plaintiff to Equifax Information Services, Experian Corporation, TRW and Trans Union Credit bureaus.

14.    That the report sent by the defendants to the credit bureaus has been read by potential lenders and creditors of the plaintiff, within the County of Alameda, State of California and elsewhere.

15.    That the report sent by the defendants to the credit bureaus states that the plaintiff is indebted to the defendants in an amount in excess of $26,000.00.

16.    That the report sent by said defendants to those credit reporting bureaus is false.

17.    That the report sent by said defendants was false in that it inaccurately reports that the plaintiff is indebted to FIRST USA BANK N.A., when in truth the plaintiff has never applied for nor received any credit from FIRST USA BANK, N.A., which was known by said defendants prior to the time that it sent the report to Equifax and other credit reporting bureaus.

18.    That notwithstanding their knowledge that the information contained in the report was false, the defendants and each of them have knowingly given and continue to provide untrue credit information regarding the plaintiff to Equifax and the other credit reporting bureaus in violation of California Civil Code Section 1747.70(a) and after receiving an inquiry from the plaintiff, the defendants and each of them have refused to withdraw unfavorable information about the plaintiff and refused to cease and desist from publishing unfavorable information about the plaintiff, within the County of Alameda, State of California and elsewhere.

////

////

19.     That the defendants and each of them deliberately and intentionally refuse to correct false information that they have knowingly published regarding the plaintiff, in particular that the plaintiff is allegedly in debt to the FIRST USA BANK N.A. or its alleged assignee(s).

20.     That the defendant FIRST USA BANK, N.A. with knowledge of and after receiving notice that the plaintiff was the victim of identify theft, sold the debt ("debt") allegedly incurred by the plaintiff's identify theft, in violation California Civil Code Section 1785.16.2(c) to the defendant TRIAD on July 6, 2001 and that with knowledge that the plaintiff did not owe any money to FIRST USA BANK, N.A., the defendant TRIAD thereafter sold the debt to the defendant S & A SERVICES OF MARION, LTD.

21.     That as a proximate result of the above-described report, the plaintiff has suffered damage, within the County of Alameda, State of California and elsewhere, to his reputation, shame, mortification and hurt feelings all to his general damage.

22.     As a further proximate result of the above-described report, the plaintiff has suffered the following special damages; increased interest expenses when obtaining financial credit, within the County of Alameda, State of California and elsewhere.

23.     That above-described publication was published by the defendants with malice, fraud and oppression in that said defendants knew that the contents of their publication were false and untrue and yet published the report with the intention and expectation of extorting money from the plaintiff in order to avoid further ongoing damage to his credit rating and because the defendants did not want to truthfully report profits and losses to their stockholders, investors and creditors and therefore the plaintiff also seeks an award of punitive damage to punish the defendants and deter them from engaging in such conduct and injury other people in the future.

24.     That the conduct of the defendants and each of them as described in the foregoing paragraphs numbered eight (8) through twenty-three (23), which are incorporated herein by reference, was intended to cause the plaintiff to suffer severe emotional distress within the County of Alameda, State of California and that as a result of said conduct by the defendants the plaintiff has suffered and continues to suffer severe emotional distress consisting of loss of sleep, loss of appetite, irritability, loss of self-esteem, anxiety and depression all to his general damage.

25. That as a result of the defendants' intentional infliction of severe emotional distress, the plaintiff has also incurred special damages to help alleviate his loss of sleep, loss of appetite, irritability, loss of self-esteem, anxiety and depression.

WHEREFORE, the plaintiff prays judgment against the defendants and each of them as follows:

1. For general damages according to proof.

2. For special damages according to proof.

3. For punitive damages.

4. For reasonable attorney fees.

5. For costs of suit.

6. For such other and further relief as this Court may deem just and proper.

Dated: August 25, 2004

*Stephen A. Cain*
Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

COMPLAINT - 5

| Date | Action | Image (Java) | Image (TIFF) |
|---|---|---|---|
| 08/25/04 | Complaint - Defamation Filed (Amended) | | |
| 08/25/04 | Civil Case Cover Sheet Filed for Robert Michael Siemons | | |
| 08/25/04 | Summons on Complaint Issued | | |
| 10/25/04 | Initial Case Management Conference 12/30/2004 01:30 PM D- 707 | | |
| 12/07/04 | Hearing Reset to Initial Case Management Conference 01/20/2005 01:30 PM D- 707 | | |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | | |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | | |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | | |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | | |
| 12/17/04 | Summons w/o Proof of Service Filed | | |
| 12/17/04 | Proof of Service on Complaint As to First USA Bank, N.A. Filed | | |
| 12/17/04 | Request Re: Entry of Default as to Party First USA Bank, N.A. Filed | | |
| 12/20/04 | Request Re: Entry of Default as to Party As to First USA Bank, N.A. Entered | | |
| 01/06/05 | Case Management Statement of Robert Michael Siemons Filed | | |
| 01/20/05 | Case Management Conference Commenced and Continued | | |
| 01/20/05 | Hearing Continued to Case Management Conf Continuance dept. 707 date: 04/21/2005 tme: 10:00 AM | | |
| 02/14/05 | Rejection Letter issued on Answer to Complaint | | |
| 02/16/05 | Hearing Reset to Case Management Conf Continuance 04/18/2005 10:00 AM D- 707 | | |
| 02/18/05 | Rejection Letter Issued on Answer to Complaint | | |
| 02/28/05 | Proof of Service on Complaint As to Suzanne Schreiber, Suzanne Schreiber Filed | | |
| 02/28/05 | Request Re: Entry of Default as to Party Suzanne Schreiber, Suzanne Schreiber Filed | | |
| 02/28/05 | Proof of Service on Complaint As to William D. Kwiatek Filed | | |
| 02/28/05 | Request Re: Entry of Default as to Party William D. Kwiatek Filed | | |
| 02/28/05 | Proof of Service on Complaint As to S & A Services of Marion, LTD Filed | | |
| 02/28/05 | Request Re: Entry of Default as to Party S & A Services of Marion, LTD Filed | | |
| 02/28/05 | Proof of Service on Complaint As to Jeffrey Schreiber, Jeffrey Schreiber Filed | | |
| 02/28/05 | Request Re: Entry of Default as to Party Jeffrey Schreiber, Jeffrey Schreiber Filed | | |
| 02/28/05 | Request Re: Entry of Default as to Party As to S & A Services of Marion, LTD Entered | | |
| 02/28/05 | Request Re: Entry of Default as to Party As to William D. Kwiatek Entered | | |
| 03/23/05 | Request Re: Entry of Default as to Party As to Suzanne Schreiber, Suzanne Schreiber Entered | | |
| 03/24/05 | Rejection Letter Issued on Answer to Complaint | | |
| 04/06/05 | Request Re: Entry of Default as to Party As to Jeffrey Schreiber, Jeffrey Schreiber Entered | | |
| 04/08/05 | Case Management Statement of Robert Michael Siemons Filed | | |



Ex. B

| Date | Description | | |
|------|-------------|---|---|
| 04/06/05 | Request Re: Dismissal w/o prejudice - partial as to party Tried Filed | 📄 | 📄 |
| 04/06/05 | Dismissal As to Defendant Triss Entered | | |
| 04/18/05 | Request Re: Default and Default Court Judgment As To Robert Michael Siemons, S & A Services of Marin | 📄 | 📄 |
| 04/18/05 | Civil Uncontested 06/25/2005 01:30 PM D- 707 | 📄 | 📄 |
| 04/18/05 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 04/18/05 | Hearing Continued to Case Management Conf Continuance dept. 707 date: 10/24/2005 time: 10:00 AM | | |
| 05/27/05 | Motion to Vacate/Set Aside Default Reservation Set for dept. 31 date: 06/27/2005 time: 09:00 AM | | |
| 06/06/05 | Hearing Reset to Motion to Vacate/Set Aside Default 06/30/2005 09:00 AM D- 31 | | |
| 06/08/05 | Motion to Vacate/Set Aside Filed | 📄 | 📄 |
| 06/08/05 | Motion to Vacate/Set Aside Hearing Confirmed for 06/30/2005 09:00 AM D- 31 | | |
| 06/16/05 | Proposed Answer Filed | 📄 | 📄 |
| 06/20/05 | Memorandum of Points and Authorities in Opposition to Motion Filed | 📄 | 📄 |
| 06/20/05 | Proposed Order Received | 📄 | 📄 |
| 06/20/05 | Rejection Letter Issued on Answer to Complaint | 📄 | 📄 |
| 06/23/05 | Reply to opposition Plaintiff's motion to set aside default & judgment Filed | 📄 | 📄 |
| 06/25/05 | Civil Uncontested Commenced and Completed | 📄 | 📄 |
| 06/30/05 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/30/05 | Motion to Vacate/Set Aside Granted | 📄 | 📄 |
| 06/30/05 | Answer to Complaint Filed for Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 07/27/05 | Notice of Change of Address Filed | 📄 | 📄 |
| 08/26/05 | Notice of Change of Firm Name Filed | 📄 | 📄 |
| 10/12/05 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 10/14/05 | Case Management Statement of Jeffrey Schreiber, Suzanne Schreiber Filed | 📄 | 📄 |
| 10/24/05 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 10/24/05 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 01/30/2006 time: 10:00 AM | | |
| 01/23/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 01/23/06 | Request Re: Entry of Default as to Party Jason Maples Filed | 📄 | 📄 |
| 01/23/06 | Proof of Service on Complaint As to Jason Maples Filed | 📄 | 📄 |
| 01/30/06 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 01/30/06 | Order re Case Management Filed | 📄 | 📄 |
| 01/30/06 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 05/01/2006 time: 09:00 AM | | |
| 01/30/06 | Refer to Judicial Arbitration | | |
| 01/31/06 | Notice of Proposed Arbitrators Issued | 📄 | 📄 |
| 01/31/06 | Request Re: Entry of Default as to Party As to Jason Maples Entered | | |
| 02/15/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 04/20/06 | Case Management Statement of Jeffrey Schreiber, Suzanne Schreiber Filed | | |

| | | | |
|---|---|---|---|
| 04/24/06 | Motion to Compel (Motion) Filed for Plaintiff | | |
| 04/24/06 | Motion to Compel (Motion) Hearing Confirmed for 06/01/2006 09:00 AM D- 31 | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Hearing Confirmed for 06/01/2006 09:00 AM D- 31 | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Hearing Confirmed for 06/01/2006 09:00 AM D- 31 | | |
| 04/24/06 | Motion for Further Production of Documents Filed for Plaintiff | | |
| 04/24/06 | Motion for Further Production of Documents Hearing Confirmed for 06/01/2006 09:00 AM D- 31 | | |
| 05/01/06 | Case Management Conference Commenced and Completed | | |
| 05/01/06 | Case Management Conference Order Issued | | |
| 05/01/06 | Case Management Conf Continuance 07/10/2006 09:00 AM D- 707 | | |
| 05/01/06 | Miscellaneous Case Management Conference Order Filed | | |
| 05/26/06 | Opposition Filed | | |
| 05/26/06 | Opposition Filed | | |
| 05/26/06 | Opposition Filed | | |
| 05/26/06 | Opposition Filed | | |
| 05/30/06 | Reply Brief re Motion to Compel form interrog. responses Filed | | |
| 05/30/06 | Reply Brief re Motion to Compel responses to demand for Production Filed | | |
| 05/30/06 | Reply Brief re Motion to Compel Responses to Requests for Admissions Filed | | |
| 05/30/06 | Reply Brief re motion to compel special interrog. responses Filed | | |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | | |
| 06/01/06 | Motion to Compel (Motion) Granted | | |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | | |
| 06/01/06 | Motion to Compel Further Answers to Interrogatories Granted | | |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | | |
| 06/01/06 | Motion to Compel Further Answers to Interrogatories Granted | | |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | | |
| 06/01/06 | Motion for Further Production of Documents Granted | | |
| 06/13/06 | Case Management Statement of Suzanne Schreiber, Jeffrey Schreiber Filed | | |
| 07/06/06 | Case Management Statement of Robert Michael Siemons Filed | | |
| 07/10/06 | Case Management Conference Commenced and Completed | | |
| 07/10/06 | Case Management Conference Order Issued | | |
| 07/10/06 | Case Management Conf Continuance 10/23/2006 09:00 AM D- 707 | | |
| 07/10/06 | Miscellaneous Order re. Case Management Filed | | |
| 07/10/06 | Refer to Judicial Arbitration | | |

| Date | Description | | |
|------|-------------|---|---|
| 07/12/06 | Notice of Proposed Arbitrators Issued | 📄 | 📄 |
| 07/12/06 | Motion for Sanctions Filed for Plaintiff | 📄 | 📄 |
| 07/12/06 | Motion for Sanctions Hearing Confirmed for 08/10/2006 09:00 AM D- 31 | | |
| 07/14/06 | Rejection of Arbitrator Filed for Plaintiff | 📄 | 📄 |
| 07/26/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 07/27/06 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 08/03/06 | Declaration in Support Reply Brief to Opposition ...(re Form Interrogatories) Filed | 📄 | 📄 |
| 08/03/06 | Declaration in Support Reply Brief to Opposition ...(re Special Interrogatories) Filed | 📄 | 📄 |
| 08/03/06 | Reply to Motion for Sanctions Filed | 📄 | 📄 |
| 08/07/06 | Recusal of Arbitrator Filed | 📄 | 📄 |
| 08/07/06 | Notice of Recusal of Arbitrator Issued | 📄 | 📄 |
| 08/07/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 08/10/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 08/10/06 | Motion for Sanctions Granted in Part | 📄 | 📄 |
| 08/14/06 | Recusal of Arbitrator Filed | 📄 | 📄 |
| 08/14/06 | Notice of Recusal of Arbitrator Issued | 📄 | 📄 |
| 08/14/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 08/21/06 | Recusal of Arbitrator Filed | 📄 | 📄 |
| 08/21/06 | Notice of Recusal of Arbitrator Issued | 📄 | 📄 |
| 08/21/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 08/25/06 | Motion for Sanctions Filed for Plaintiff | 📄 | 📄 |
| 08/25/06 | Motion for Sanctions Hearing Confirmed for 09/27/2006 09:00 AM D- 31 | | |
| 09/18/06 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 09/21/06 | Reply Brief of plaintiff Re Motion for Terminating Sanctions Filed | 📄 | 📄 |
| 09/25/06 | Proof of Service by Mail Filed | 📄 | 📄 |
| 09/27/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 09/27/06 | Motion for Sanctions Taken Under Submission | 📄 | 📄 |
| 09/27/06 | Motion for Sanctions Granted in Part | 📄 | 📄 |
| 09/27/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | 📄 | 📄 |
| 09/27/06 | Motion to Compel Further Answers to Interrogatories 10/19/2006 09:00 AM D- 31 | | |
| 10/19/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 10/19/06 | Motion to Compel Further Answers to Interrogatories - Dropped | 📄 | 📄 |
| 10/20/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 10/23/06 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 10/23/06 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 12/11/2006 time: 09:00 AM | | |
| 12/07/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 12/11/06 | Case Management Conference Commenced and Completed | 📄 | 📄 |

| Date | Description | | |
|---|---|---|---|
| 12/11/06 | Case Management Conference Order Issued | 📄 | 📄 |
| 12/11/06 | Case Management Conf Continuance 03/05/2007 10:00 AM D- 707 | | |
| 12/11/06 | Order re Case Management Filed | 📄 | 📄 |
| 12/13/06 | Hearing Reset to Case Management Conf Continuance 03/05/2007 10:00 AM D-707 | | |
| 03/02/07 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 03/05/07 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 03/05/07 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 03/05/07 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 04/30/2007 time: 09:00 AM | | |
| 03/05/07 | Case Management Conf Continuance 04/30/2007 09:00 AM D- 707 | | |
| 03/21/07 | Order Shortening Time Reservation Set for dept: 31 date: 03/23/2007 time: 01:30 PM | | |
| 03/22/07 | Aware of Arbitrator Filed | 📄 | 📄 |
| 03/22/07 | Notice of Award of Arbitrator Issued | 📄 | 📄 |
| 03/23/07 | Application Re: Order Shortening Time Filed for Robert Michael Siemons | 📄 | 📄 |
| 03/23/07 | Application Re: Order Shortening Time Denied | 📄 | 📄 |
| 03/23/07 | Motion for Discovery Filed by Robert Michael Siemons | 📄 | 📄 |
| 03/23/07 | Motion for Discovery Hearing Confirmed for 04/18/2007 09:00 AM D- 31 | | |
| 04/04/07 | Rejection of Award/Trial De Novo Filed | 📄 | 📄 |
| 04/05/07 | Declaration in Opposition to Motion Filed by Susanne Schreiber, Jeffrey Schreiber | 📄 | 📄 |
| 04/06/07 | Opposition to Motion Filed | 📄 | 📄 |
| 04/06/07 | Proposed Order Received | 📄 | 📄 |
| 04/09/07 | Letter dated 4/5/07 Re Minute Order for Case Management Conference on 3/5/07 Filed | 📄 | 📄 |
| 04/11/07 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 04/11/07 | Reply Brief in Response to Opposition re Motion to Conduct Financial Discovery Filed | 📄 | 📄 |
| 04/11/07 | Declaration in Support Motion for Order to Conduct Financial Discovery Filed | 📄 | 📄 |
| 04/11/07 | Declaration of Stephen A Cain in Support of Reply Brief Filed by Robert Michael Siemons | 📄 | 📄 |
| 04/11/07 | Proposed Order Received | 📄 | 📄 |
| 04/18/07 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 04/18/07 | Motion for Discovery Denied | 📄 | 📄 |
| 04/19/07 | Motion to Conduct Financial Discovery Filed by Robert Michael Siemons | 📄 | 📄 |
| 04/19/07 | Motion to Conduct Financial Discovery Hearing Confirmed for 05/08/2007 09:00 AM D- 31 | | |
| 04/22/07 | Hearing Reset to Motion to Conduct Financial Discovery 05/21/2007 09:00 AM D-31 | | |
| 04/25/07 | Amended Notice of Motion and Motion for Order to Conduct Financial Discovery Filed | 📄 | 📄 |
| 04/25/07 | Proof of Service on Motion | 📄 | 📄 |
| 04/30/07 | Case Management Conference Commenced and Completed | 📄 | 📄 |

| Date | Description | | |
|---|---|---|---|
| 5/01/07 | Case Management Conference Order Issued | | |
| 5/01/07 | Master Jury Trial 11/02/2007 09:00 AM D 51 | | |
| 5/07/07 | Substitution of Attorney Filed for Jeffrey Schreiber | | |
| 5/07/07 | Substitution of Attorney Filed for Suzanne Schreiber | | |
| 5/08/07 | Memorandum of Points and Authorities in Opposition Filed | | |
| 5/14/07 | Reply Brief in Response to Opposition Filed | | |
| 5/14/07 | Proof of Service Filed | | |
| 5/21/07 | Civil Law and Motion Hearing Commenced and Completed | | |
| 5/21/07 | Motion to Conduct Financial Discovery Denied | | |

1 | Stephen A. Cain. SB#111049
Attorney at Law
1101 Standiford Avenue. Suite A-7
2 | Modesto CA 95350
Telephone: (209) 567-1300
3

4 | Attorney for Plaintiff
ROBERT MICHAEL SIEMONS
5

6

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

11 | ROBERT MICHAEL SIEMONS,          ) Case No.: VG04172155
                                    )
        Plaintiff,                  )
12                                  )  AMENDMENT TO COMPLAINT
                                    )  CCP Section 474 (DOE 1)
        vs.                         )
13                                  )
14 | FIRST U.S.A. BANK, N.A.,        )
   S & A SERVICES OF MARION, LTD.  )
   , TRIAD, WILLIAM D. KWIATEK, JASON )
15 | MAPLES, RANDALL NIEN, and DOES 1-100, )
   inclusive.                       )
16                                  )
        Defendants.                 )
17 | _____ )

18

19 |       Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant

20 | and having designated said defendant in the complaint by a fictitious name, to wit: DOE 1, and

21 | having discovered the true name of said defendant to be JEFFREY SCHREIBER, hereby amend his

22 | complaint by inserting such true name in the place and stead of such fictitious name wherever it

23 | appears in said complaint.

24 | Dated: December 15, 2004

        _____
        Stephen A. Cain
        Attorney for Plaintiff
25        ROBERT MICHAEL SIEMONS

26

27

28

## Ex. C

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ROBERT MICHAEL SIEMONS,<br><br>     Plaintiff,<br><br>vs.<br><br>FIRST U.S.A. BANK, N.A.,<br>S & A SERVICES OF MARION, LTD.<br>TRIAD, WILLIAM D. KWIATEK, JASON<br>MAPLES, RANDALL NUIN, and DOES 1-100,<br>inclusive,<br><br>     Defendants. | Case No.:  VC04172155<br><br>AMENDMENT TO COMPLAINT<br>CCP Section 474 (DOE 2) |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 2, and having discovered the true name of said defendant to be SUZANNE SCHREIBER, hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: December 15, 2004

_Stephen A. Cain_
Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

1   Stephen A. Cain, SB# 11049
    Attorney at Law
    1101 Standiford Avenue, Suite A-7
2   Modesto  CA  95350
    Telephone: (209) 567-1300
3

4   Attorney for Plaintiff
    ROBERT MICHAEL SIEMONS
5

6

7

8                       SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10
    ROBERT MICHAEL SIEMONS,                    Case No.: VG04172155
11
              Plaintiff,
12                                             AMENDMENT TO COMPLAINT
                                               CCP Section 474 (DOE 3)
13            vs.

14  FIRST U.S.A. BANK, N.A.,
    S & A SERVICES OF MARION, LTD.
15  TRIAD, WILLIAM D. KWIATEK, JASON
    MAPLES, RANDALL NIXN, and DOES 1-100,
16  inclusive;

              Defendants.
17

18
           Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant
19
    and having designated said defendant in the complaint by a fictitious name, to wit: DOE 3, and
20
    having discovered the true name of said defendant to be JEFFREY SCHREIBER, d.b.a. S & A
21
    SERVICES OF MARION, LTD. hereby amends his complaint by inserting such true name in the
22
    place and stead of such fictitious name wherever it appears in said complaint.
23

24  Dated: December 15, 2004
                                               Stephen A. Cain
25                                             Attorney for Plaintiff
                                               ROBERT MICHAEL SIEMONS
26

27

28

                            AMENDMENT TO COMPLAINT - 1

Cain, Stephen A
Attorney at Law
1101 Standford Avenue, Suite D-2
Modesto, CA   95350-  __

Gordon & Wong Law Group, A
Professional Law Corp.
Attn  Wong, Mitchell L.
999 Bayhill Drive
Suite 160
San Bruno, CA   94056

## Superior Court of California, County of Alameda
## Gale / Schenone Hall of Justice

Siemens

Plaintiff/Petitioner(s)

vs

First USA Bank, N.A.

Defendant/Respondent(s)
(Abbreviated Title)

No. VG04172155

Case Management Order

Complaint - Defamation

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management
Conference.

TRIAL SETTING ORDERS

The Court makes the following trial setting orders

Trial Date: 11/02/2007 at 09.00 AM in Dept. 511

Estimated length of trial: 5 court days

TRIAL SETTING ORDERS

The parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of
Court 4.6.

Jury is demanded by Plaintiff(s)
Jury is reserved by Defendant(s)

NOTICES

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to
self-represented parties of record by mail.

OTHER ORDERS

Discovery is to remain open until 15 days prior to trial pursuant to stipulation of the parties.

Given the nature and schedule for ADR the parties have voluntarily adopted, the court agreed with
counsel that it was appropriate not to schedule a settlement conference for this case.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of

Order


Ex. D

sanctions pursuant to CCP § 77.5.

Dated: 05/01/2007

_____
Judge Alice Vilardi

05/02/2007  16:29   7553645999          SCHREIBER LAW FIRM                    PAGE 02/04

MC-050

Tomio B. Narita, Esq. (156576)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
TELEPHONE NO: 415.283.1000    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendants Suzanne Schreiber & Jeffrey Schreiber

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 5672 Stoneridge Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Pleasanton, CA 94588
BRANCH NAME: Gale-Schenone Hall of Justice

CASE NAME:
Robert Michael Siemers v. First USA Bank, N.A., et al.

FOR COURT USE ONLY

F I L E D
ALAMEDA COUNTY

MAY 0 7 2007

CLERK OF THE SUPERIOR COURT
By _____
                          Deputy

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: VG04172155 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Suzanne Schreiber    makes the following substitution:
1. Former legal representative  ☐ Party represented self  ☑ Attorney (name) Mitchell L. Wong
2. New legal representative  ☐ Party is representing self  ☑ Attorney
   a. Name: Tomio B. Narita    b. State Bar No. (if applicable): 156576
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
   Simmonds & Narita LLP
   44 Montgomery St., Suite 3010, San Francisco, CA 94104
   d. Telephone No. (include area code): 415.283.1000
3. The party making this substitution is a  ☐ plaintiff  ☑ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):

BY FAX

---

NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES

• Guardian          • Personal Representative       • Guardian ad litem
• Conservator       • Probate fiduciary             • Unincorporated
• Trustee           • Corporation                    association .

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

NOTICE TO PARTIES WITHOUT ATTORNEYS

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
Date:
Suzanne Schreiber
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
Date: 5/7/07
Mitchell L. Wong
(TYPE OR PRINT NAME)                          (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
Date: 5-7-07
Tomio B. Narita
(TYPE OR PRINT NAME)                          (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail.)                                    Page 1 of 1

Form Adopted for Mandatory Use                SUBSTITUTION OF ATTORNEY—CIVIL           Code of Civil Procedure, §§ 284, 285;
Judicial Council of California                    (Without Court Order)                Cal. Rules of Court, rule 3.1362
MC-050 [Rev. January 1, 2007]                                                          www.courtinfo.ca.gov

# Ex. E

05/04/2007  12:32  7556645888Σ        SCHREIBER LAW FIRM        PAGE  01/02

MC-050

Tomio B. Narita, Esq. (156576)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
TELEPHONE NO.: 415.283.1000
ATTORNEY FOR (Name): Defendants Suzanne Schreiber & Jeffrey Schreiber

FILED
ALAMEDA COUNTY
MAY 0 7 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 5672 Stoneridge Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Pleasanton, CA 94588
BRANCH NAME: Gale-Schenone Hall of Justice

CASE NAME:
Robert Michael Simmons v. First USA Bank, N.A., et al.

SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)

CASE NUMBER:
VG04172133

BY FAX

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Jeffrey Schreiber     makes the following substitution:
1. Former legal representative
2. New legal representative
   a. Name: Tomio B. Narita
   b. State Bar No.: 156576
   c. Address: Simmonds & Narita, LLP., 44 Montgomery Street, Suite 3010
   San Francisco, CA 94104
   d. Telephone No.: 415.283.1000
3. The party making this substitution is a ☑ defendant

NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES

NOTICE TO PARTIES WITHOUT ATTORNEYS

4. I consent to this substitution.
Date:
Jeffrey Schreiber

5. ☑ I consent to this substitution.
Date: 5/7/07
Mitchell L. Wacz

6. ☑ I consent to the substitution.
Date: 5-7-07
Tomio B. Narita

SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
JUDICIAL ARBITRATION PROCEEDING

ROBERT MICHAEL SIEMONS
                    Plaintiff(s),

                                                    Case No. __VG04172155__

v.

FIRST USA BANK, S & A
SERVICES, OF MARION, LTD,
SUZANNE SCHREIBER and
JEFFREY SCHREIBNER, et al

                                                    AWARD OF ARBITRATOR
                                                    (CCP 1141.23 and CRC 1615)

_____
        Defendant(s).
_____

The undersigned Judicial Arbitrator, having been duly assigned by the Alameda County Superior Court,
and having heard and considered the evidence and arguments of the parties in the above referenced cause
on __March 1, 2007 awards in full and final settlement of all claims submitted to arbitration under
California Rules of Court as follows.

1. JUDGMENT in favor of __X__ Plaintiff(s) ____ Cross-complainant(s) *[state full names of parties]:*

_____

AGAINST __X__ Defendant(s) ____ Cross-defendant(s) *[state full names of parties]:*

_____

IN THE SUM OF:

| | |
|---|---|
| A. Business/Contract Complaint: | B. Negligence Complaint: |
| Principal:                    $ | Special Damages:   $ |
| Interest:                     $ | General Damages:   $ |
| Attorney Fees:       $ reasonable | Property Damage:  $ |
| Other FRAUD,        $100,000 UCS | Other:             $ |
| INTENTIONAL TORTS | |
| TOTAL AWARD:        $100,000.00 | TOTAL AWARD:     $ |

2. ____ Plaintiff(s) ____ Cross-Complainant(s)' CLAIM IS DENIED
3. ____ A. Each party to the arbitration shall bear their own costs and attorney fees; or
   __X__ B. Statutory and/or contractual costs _____ and attorney's fees are awarded to *[state full
   name of party]* ROBERT MICHAEL SIEMEONS and against *[state full name of party]*
   SUZANNE SCHREIBNER and JEFFREY SCHREIBNER in an amount to be determined
   by the Court pursuant to CRC 870, 870.2 and CCP 1032, 1033, and 1033.5, inter alia.

4. A brief statement of the Arbitrator's Findings of Fact/Conclusions of Law: *(optional):* SEE ATTACHED

Dated __3-20-2007__                              _____
                                                 (Signature of the Judicial Arbitrator)

                    *Please complete Proof of Service on reverse side.*

AWARD OF ARBITRATOR ENTERED AS JUDGMENT IN COMPLIANCE WITH CRC, RULE 1615
(C) on (date): _____ in JUDGMENT BOOK No. _____ page No. _____
                    Arthur Sims – Executive Officer/Clerk. by _____
                                                              Deputy Clerk

Ex. F

RE. Siemons v Schreiber
Alameda County No  VG04127732355

ARBITRATOR'S FINDINGS OF FACT

1  USA BANK falsely reported that Plaintiff was indebted to USA BANK on credit card
purchases of $8,717 .00 for a credit card from USA BANK  Documentary evidence and
testimony at arbitration indicated that Plaintiff never applied for, nor owned, nor used a USA
BANK credit card.

2  Mr Siemons became aware of a negative credit report when he applied for refinancing of a
mortgage loan in 2001. Mr Siemons promptly reported to USA BANK that he did not own a
USA BANK credit card and had no knowledge of the questioned credit card debt

3  Subsequently, USA BANK sent a letter to Mr Siemons assuring Mr Siemons that the
purported debt had been removed from plaintiff's credit report. This assurance was false  Of the
three major credit reporting agencies, Equifax, and Transunion appear to have removed the
purported debt. Experian Credit reporting did not remove it  Since Mr Siemons had completed
his mortgage refinancing, he relied on the representations in USA Bank's letter of March 10,
2003 stating that it had notified the crediting reporting agencies.

4  On February 10, 2003, Mr. Siemons received a letter from S & A Services of Marion, Ltd  The
letterhead did not state that S & A of Marion was a corporation  The letter stated that Mr
Siemons was indebted to S & A Services in the amount of $25,633.09

5  On June 16, 2003 Mr. Siemons received a letter from USA Bank..  The letter stated that USA
Bank had sold its accounts to an entity designated as Triad, and then Triad sold the accounts to
S & A Services of Marion, LTD. These transactions were transmitted electronically

6  On September 27, 2003, Mr. Siemons received letter from a credit reporting agency with
instructions on how to dispute a claim under the Fair Credit Reporting Agency Act

7  The Siemons' began receiving telephone calls, both at home and at their place of business
Plaintiff testified that he received over 70 harassing telephone calls from S & A Services at his
small business, which were heard by his employees.  He and his wife also received harassing
telephone calls at home.  S & A Services, Ltd  is a collection service. The telephone calls
intimidated him and his wife, accused him of lying about the purported credit card debt,
threatened both him and his wife, and demanded payment for a credit card debt which he
vehemently denied, since he never owned a USA BANK credit card

8  Neither Triad, nor  S & A Services, Ltd  investigated Plaintiff's complaint  No evidence was
produced at arbitration by Defendant's counsel to indicate the that the assigned debt actually
existed or that Plaintiff had ever been issued a USA BANK credit card, nor used a USA Bank
credit card.  Credible evidence was presented that S & A Services, Ltd, had engaged in this

conduct in the past and that it was a common business practice for S & A

9. Documents produced at arbitration evidenced that USA BANK had transferred the account to S & A Services, Ltd, for no consideration whatsoever. Mr. Siemons was never informed of this "transfer" and testified that he believed, in good faith and justifiably, that the matter had been resolved with USA Bank

10. The bulk of the correspondence introduced at arbitration, indicated that Plaintiff engaged in extensive written communication with Defendants in an effort to clean his credit record. He and his wife suffered severe emotional distress including lack of sleep, anger, frustration, marital discord, and intimidation by collection agencies, mainly S & Services, Ltd., harassing telephone calls on a continuous basis to the point that both of them were afraid to answer the telephone both at his business and at their home.

11. The Plaintiff further suffered humiliation at his place of business when his small band of employees were aware of his conversations with S & A Services, Ltd. The extreme and outrageous conduct of S & A Services in attempting to collect on a bogus debt, refusing to investigate the claims of Plaintiff and violation of California's Consumer Credit Agency Reporting Act caused the Plaintiff extreme emotional distress, preventing him from functioning in his small business and in his home life

12. This serious disruption in his life and business, necessitated him to retain an attorney to rectify this matter, evidence his emotional distress. Mr. Siemons had never had to employ an attorney before. Discovery went badly, with Defendants refusing to respond. The Alameda County Superior Court issued monetary sanctions to Defendants several times. Still no adequate response were received by Plaintiff's counsel

13. Defendants, USA Bank and S & A Services, LTD, acted intentionally or with reckless disregard of the Plaintiff's consumer rights and the law.

14. Evidence educed at arbitration and presented in arbitration briefs indicates that Defendant Suzanne Schreiber was President of S & A Services, which was then a corporation. Although corporate papers were presented indicating that the corporation intended to wind-up the corporation, there was no evidence that the corporation did conclude the corporate formalities of winding up the corporation

15. In addition Jeffrey Schreiber, Suzanne Schreiber's attorney, gave Jeffrey Schreiber's own address as that of S & A Services. This evidence indicates that Jeffrey Schreiber was somehow involved in the S & A Services business. Jeffrey Schreiber is listed as a bankruptcy and collection attorney.