1  Stephen A. Cain, CSBN 111049
   Attorney at Law
2  1101 Standiford Avenue, Suite D-2
   Modesto, California 95350
3  Telephone: (209) 567-1300
   Fax: (209) 567-1304
4  StephenAustinCain@hotmail.com

5  Attorney for Defendant
   ROBERT MICHAEL SIEMONS
6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **NORTHERN DISTRICT OF CALIFORNIA**

10                            **SAN FRANCISCO DIVISION**

11 SUZANNE SCHRIEBER, an individual;      )
   JEFFERY SCHREIBER, an individual       )    **NO. C-07-02467 MJJ**
12                                         )
                                           )    NOTICE OF MOTION AND MOTION
13       Plaintiffs,                       )    TO DISMISS FOR LACK OF
                                           )    SUBJECT MATTER JURISDICTION
14 vs.                                     )
                                           )    F.R.C.P. 12 (b) (1)
15 ROBERT MICHAEL SIEMONS, an              )
   Individual,                             )    Date: August 14, 2007
16                                         )    Time: 9:30 a.m.
         Defendant.                        )    Courtroom 11, 19th Floor
17                                         )    JUDGE MARTIN J. JENKINS
   _____)
18

19 TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

20       NOTICE IS HEREBY GIVEN that on July 10, 2007, at 9:30 a.m., or as soon thereafter as

21 counsel may be heard by the above entitled Court located at 450 Golden Gate Avenue, San

22 Francisco, California, in Courtroom 11, Judge Martin J. Jenkins presiding, defendant will and

23 hereby does move the Court for a Motion to Dismiss the complaint. This motion is brought pursuant

24 to F.R.C.P. 12 (b) (1) on the grounds that the Court does not have jurisdiction over the subject

25 matter of the Declaratory Judgment complaint.

26       This motion is based on this Notice of Motion, the Memorandum of Points and Authorities

27 filed herewith, the declaration of Stephen A. Cain, the Exhibits attached to said declaration, the

28 pleadings and papers on file herein, and upon such other matters as may be presented at the time of

Defendant's Motion to Dismiss                                    Case C-07-02467 MJJ

1  the hearing.

2  DATED: July 9, 2007

3                                                       /s/  Stephen A. Cain
                                                     Attorney for Defendant
4                                                    ROBERT MICHAEL SIEMONS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On June 19th, in response to the defendant's Motion to Dismiss pursuant to F.R.C.P. 12 (b)(1) that was filed on May 30, 2007, the plaintiffs filed a FIRST AMENDED COMPLAINT. As the defendant reads the FIRST AMENDED COMPLAINT, there are only two changes. In paragraph 2, **JURISDICTION**, the plaintiffs now contend that this Court has jurisdiction under 15 U.S.C. § 1332. Section 1332 of Title 15 is part of Chapter 36, the "Cigarette Labeling and Advertising Act" and informs the Court that a cigarette is "Any roll of tobacco wrapped in paper …" Doubtless the plaintiffs meant 28 U.S.C. § 1332. The other change is to correct the complaint to show that this case is assigned to San Francisco, not Oakland.

Neither change is substantive, so defendant Robert Michael Siemons renews his Motion to Dismiss pursuant to F.R.C.P. 12 (b)(1).

### II. HISTORY

In August of 2004, Robert Michael Siemons (hereinafter "Siemons") by his attorney Stephen A. Cain, filed a complaint for damages in Alameda County Superior Court, Case No. VG04172155 (**Exhibit A** to the declaration of Stephen A. Cain) against various defendants including S & A Services of Marion, LTD. In fact, The history of the Alameda County action is contained in the **SIX PAGE** Register of Actions, which is attached to the declaration of Stephen A. Cain as **Exhibit B**. Five months later the plaintiffs in this action (hereinafter referred to as the "Schriebers") were added as DOE defendants and served with the complaint. (**Exhibit C** to the declaration of Stephen A. Cain) After initially defaulting, the Schriebers hired counsel, had their defaults set aside, answered, and vigorously defended the action. The litigation has been sharply

Defendant's Motion to Dismiss                                      Case C-07-02467 MJJ

- 2-

CASE 3:07-cv-02467-MJJ     Document 12     Filed July 10, 2007     Page 3 of 7

1  contested and the accumulated paperwork fills two "banker's boxes." The case was arbitrated with
2  an award in favor of Siemons. Counsel for the Schriebers filed a Request for a Trial de Novo, and a
3  jury trial is scheduled for November 2, 2007 (**Exhibit D** to the declaration of Stephen A. Cain).

4  Given their dire situation in the State case, the Schriebers solution has been to employ new
5  counsel and attempt an "end run" by filing this declaratory judgment action. The "end run" tactic is
6  being employed because, if there was a federal preemption issue, as is now being argued, the proper
7  remedy was removal. The Schriebers waived their right to remove the Alameda County action by
8  failing to file the notice within 30 days as is required by 28 U.S.C.A. § 1446(b). Not only did the
9  statutory time for removal expire over a year ago, the Schriebers actively defended the Alameda
10 County action up to and through an adverse arbitration, and continue to actively litigate. The
11 plaintiff's same counsel was substituted on May 7, 2007, into the Alameda County action (**Exhibit
12 E** to the declaration of Stephen A. Cain). Such a lengthy and active defense of a state action
13 constitutes the waiver of the right to remove. Therein lies the plaintiffs' problem.

14 The complaint herein is well pleaded as presenting a colorable claim for subject matter
15 jurisdiction. However, a reading of the actual complaint, which the Schriebers are trying to avoid by
16 this "end run," does not lend itself to the interpretation being alleged.

### III.

### JURISDICTION CONCURRENT NOT PREEMPTIVE

19 This action is essentially a collateral attack on the action filed in Alameda County in 2004.
20 The Fair Credit Reporting Act, 15 U.S.C. § 1681p, specifically allows an action for violation of its
21 provisions to be brought "… in any other court of competent jurisdiction." Even though it would
22 have been proper to do so, the complaint filed (**Exhibit A**), make no mention of a violation of the
23 Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. There was no need because numerous
24 California laws were broken. The fact that defendant Siemons might have been the victim of
25 violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., is an issue raised only by the
26 plaintiff in this action. Unless the debtor's claims were completely preempted by federal law, the
27 wording of the well pleaded complaint must prevail. *Sprague v. Bulletin Co.,* (1981, E.D. Pa) 527
28 F.Supp. 1016. The Plaintiffs are confusing complete preemption with conflict preemption. The issue

Defendant's Motion to Dismiss                                    Case C-07-02467 MJJ

raised, possible claims under F.C.R.A., are subject to a defense of preemption, but the state based claims are not completely preempted. *King v. Retailers Nat. Bank*, (N.D.Ill.2005) 388 F.Supp.2d 913, 915-917. The *King* case makes it very clear that state law claims are not preempted by holding,

> "Because the **FCRA** grants concurrent jurisdiction, the Court would be hard-pressed to conclude that Congress intended for the **FCRA** to replace all state claims or that Congress intended the **FCRA** to provide for exclusive jurisdiction to the federal courts, and thus allow for removal based on complete preemption. See <u>Vorhees, 272 F.3d at 403</u> ."

and

> "<u>Section 1681h(e)</u> allows for state law claims by creating an exception for common law negligence, defamation, and invasion of privacy claims where malice or willful intent to injure the consumer is involved. See <u>Morris v. Household Mortgage Serv's., Inc., 350 F.Supp. 2d 786, 787 (N.D. Ill.2004)</u> Therefore, the clear language of <u>Section 1681h</u>, which allows for certain state law claims, does not support the conclusion that Congress intended for the FCRA to completely preempt state law claims for purposes of removal." *King v. Retailers Nat. Bank*, supra at 916.

Moreover, 15 U.S.C. § 1681n and 15 U.S.C. § 1681o both allow for state court remedies, which contradicts the exclusive subject jurisdiction claim necessary for the Alameda County action to be preempted by this complaint.

In reality, in the whole panoply of state and federal laws which might apply to the Plaintiffs' activities, only three provisions, 15 U.S.C. § 1681s-2(a)(6), 15 U.S.C. § 1681m(f), and 15 U.S.C. § 1681m(g), are even arguably exclusive federal remedies, and they would be defenses raised in the state action. *King v. Retailers Nat. Bank*, supra at 916.

## IV.

## SUBJECT MATTER JURISDICTION DISPUTED

F.R.C.P. 12 (b) (1) provides that a defendant may bring a motion to dismiss a complaint when the court lacks jurisdiction over the subject matter of the action. The defendant can employ a motion to dismiss for lack of subject matter jurisdiction to attack the substance of the complaint's jurisdictional allegations even if they are facially sufficient. *Forsyth v. Eli Lilly and Co.,* (D. Hawaii

1995), 904 F.Supp 1153, 1156.

The instant complaint claims that this Court has subject matter jurisdiction over this case by pleading that defendant Siemons is seeking to enforce provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., in the State court action. As the Court will note, nowhere in the State court action, **Exhibit A**, is there any mention of 15 U.S.C. § 1681, et seq. Rather, as paragraph 29 of the instant complaint alleges, the only citations to statutory authority are to California law. In other words the complaint is a self serving statement of subject matter jurisdiction which is controverted by the evidence. Just because the plaintiffs make the necessary allegations to support subject matter jurisdiction, does not in fact establish that subject matter jurisdiction exists. *Rittmeyer v. Advance Bancorp, Inc.,* (N.D. Ill. 1994), 868 F.Supp1017, 1021; *Masterson v. Stokes*, E.D.Va. 1996 F.R.D. 368.

Once subject matter jurisdiction is disputed it is the burden of the plaintiffs to present affidavits or other evidence to meet their burden. *Anderson v. U.S.,* M.D. Fla. 2002, 245 F.Supp2d 1217, 1221-1222, affirmed 317 F.3d 1235, cert. denied 540 U.S. 965; *Forsyth v. Eli Lilly and Co.,* supra at 1156. The complaint in the State court action disputes that there exists any claims being made against the Schriebers that are preempted by federal law which would create the subject matter jurisdiction necessary to support the instant action for declaratory judgment. Unless the Schriebers can come forward with evidence to rebut the evidence provided by defendant Siemons, the motion to dismiss should be granted.

## V.

### END RUN OF REMOVAL WAIVER IMPERMISSIBLE

28 U.S.C.A. § 1446(b) allowed the Schriebers 30 days after being served with the complaint to move for removal of this action if they believed that issues of federal preemption were involved. Rather that removing the case the Schriebers first allowed their defaults to be taken. **Exhibit E** confirms that on June 8, 2005, the Schriebers filed a motion to set aside their defaults, which was granted on June 30, 2005. That motion was more than two years prior to the date of this motion. It goes without saying that two years is outside the statutory time limit of 28 U.S.C.A. § 1446(b). For the next 23 months the Schriebers and their attorney vigorously contest the Alameda County action

Defendant's Motion to Dismiss                                    Case C-07-02467 MJJ

CASE 3:07-cv-02467-MJJ     Document 12     Filed July 10, 2007     Page 6 of 7

1  amassing two "bankers' boxes" of pleading and litigation related documents. It should be noted that
2  not only did the Schriebers have competent legal counsel; Jeffrey Schrieber is an attorney who is
3  admitted to practice in numerous jurisdictions.

4  **Exhibit E** and **Exhibit F** confirm that on March 22, 2007, an arbitrator awarded a
5  substantial sum to defendant Siemons in the State case. As previously shown, after requesting a trial
6  de novo to avoid paying the arbitration award, the Schriebers discharged the firm which had been
7  their counsel for almost two years. The records of this Court confirm that the instant action was
8  filed on May 8, 2007.

9  If the filing of this motion is considered for what it really is, a transparent attempt at belated
10 removal of the State action, the principles from removal cases are instructive. When no federal
11 issues appear on the face of the complaint, the action is not removable. *King v. Retailers Nat. Bank*,
12 supra at 917; *Beneficial Nat'l Bank,* 539 U.S. 1, at 6.

13 A State court defendant may lose his right to remove a case to federal Court by taking some
14 substantial action indicating a willingness to litigate in that tribunal before filing a notice to remove.
15 *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP* (11th Cir. 2004) 365 F.3d 1244, 1246.
16 This is a venerable tradition. Over 100 years ago in *Rosenthal v. Coates* (1893) 148 U.S. 147, 147,
17 the Supreme Court stated that a defendant like one of the Schriebers cannot "experiment on his case
18 in State court, and, upon an adverse decision, then transfer it to the Federal Court." This principle
19 has been consistently followed. In the case at bar the Schriebers willingly litigated the Alameda
20 County action for over two years. However, after suffering a substantial adverse arbitration award
21 and facing a November trial date, they now want to seek protection in the Federal Court.

22 What is being attempted by the Schriebers, claiming federal subject matter jurisdiction in a
23 State case, which is going badly for one of the parties, is not a new tactic. In *Kansas Ass'n of Public*
24 *Employees (KAPE) v. State of Kansas, Dept. of Human Resources,* (D.Kan. 1990), 737 F.Supp
25 1153, the defendant successfully used a F.R.C.P. 12 (b)(1) motion attack a colorable complaint for
26 constitutional violations which was really an appeal of an adverse State court judgment. The same
27 result occurred in cases where civil rights violations were pleaded seeking federal jurisdiction when
28 the true intent was to appeal an adverse domestic relations ruling. *Brinkmann v. Johnston*, (C.A.5

Defendant's Motion to Dismiss                                         Case C-07-02467 MJJ

1  (Tex.),1986,) 793 F.2d 111.

2  The principles barring review by federal district courts of state court decisions are not
3  limited to actions essentially appealing state court decree, but extend to other actions where
4  constitutional claims are inextricably intertwined with the state court's grant or denial of relief.
5  *Hagerty v. Succession of Clement,* (5th Cir.1984) 749 F.2d 217, 219-220 (collecting cases), *cert.*
6  *denied, Hagerty v. Keller,* 474 U.S. 968 (1985). Any federal preemption issues, which are not
7  apparent from the contents of the complaint, are so intertwined with the ongoing State action that a
8  merely colorable claim to federal subject matter jurisdiction will not prompt federal intervention.

## VI.

## CONCLUSION

The motion under F.R.C.P 12 (b)(1) is the proper method to demonstrate that the instant action is in truth an attempt to avoid the waiver of the right to removal due to inaction and two years of active litigation in the Alameda County Superior Court action. The mere facial presentation of allegations to justify federal subject matter jurisdiction is not enough when challenged by contradictory evidence. The burden is on the Schriebers to prove that their claim is truly a matter of federal jurisdiction and not merely an "end run" to avoid State court liability. The defendant respectfully requests that the motion to dismiss be granted.

Dated: July 9, 2007

                              Respectfully submitted,

                              ___/s/ Stephen A. Cain___

                              Stephen A. Cain
                              Attorney for Defendant
                              ROBERT MICHAEL SIEMONS