CASE 3:07-cv-02467-MJJ    Document 14    Filed July 10, 2007    Page 1 of 24

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite D-2
Modesto  CA  95350
Telephone: (209) 567-1300
Fax: (209) 567-1304

Attorney for Defendant
ROBERT MICHAEL SIEMONS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO  DIVISION

| | |
|---|---|
| SUZANNE SCHREIBER, an individual; JEFFREY SCHREIBER, an individual, | **Case No.: C07-02467** |
| Plaintiffs, | EXHIBITS ATTACHED TO THE DECLARATION OF STEPHEN A. CAIN IN SUPPORT OF MOTION TO DISMISS |
| vs. | F.R.C.P. 12 (b) (1) |
| ROBERT MICHAEL SIEMONS, an individual, | Date: August 14, 2007 |
| Defendant. | Time: 9:30 a.m. Courtroom 11, 19th Floor JUDGE MARTIN J. JENKINS |

# EXHIBITS A to F

EXHIBITS A TO F                                        Case C-07-02467 MJJ

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

**FILED BY FAX**
ALAMEDA COUNTY

August 25, 2004

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Dep

CASE NUMBER:
**VG04172155**

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| ROBERT MICHAEL SIEMONS, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| FIRST U.S.A. BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, WILLIAM D. KWIATEK, JASON MAPLES, RANDALL NEIN, and DOES 1-100, inclusive, | |
| Defendants. | |

Plaintiff alleges:

1.    The defendant FIRST USA BANK, N.A. is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts, hereinafter alleged, within the State of California.

2.    The defendant S & A SERVICES OF MARION, LTD, is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts hereinafter alleged, within the State of California.

3.    The defendant TRIAD, is a business, the exact form of which is unknown and at all times relevant to this lawsuit was doing business and committing the torts hereinafter alleged, within the State of California.

/////

COMPLAINT - 1                        **Ex. A**

4.     The defendants RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK are individuals whose state of residence is unknown to the plaintiff as of the present time, that at all times relevant to this lawsuit were doing business and committing the torts hereinafter alleged, within the State of California.

5.     At all times herein mentioned, plaintiff was and now is an officer and management employee of a  business known as Siemons Mailing Service, Inc., located in the City of Berkeley, County of Alameda, State of California and a resident of Contra Costa County, California and at all times relevant hereto, other than for the conduct complained of in this lawsuit, has enjoyed a good reputation both generally and in his occupation.

6.     The plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names.   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the plaintiff's damages as herein alleged were proximately caused by their conduct.

7.     The defendants FIRST USA BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK and DOES 100, at all times herein mentioned were the agents and employees of their codefendants FIRST USA BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK and DOES 1-100 and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their co-defendants.

8.     That on March 10, 2003, FIRST USA BANK, N.A. confirmed in writing that the plaintiff did not owe any money to FIRST USA BANK, N.A..

9.     That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has ever had an account with any of the defendants.

10.     That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has ever received any money from any of the defendants.

11. That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has received any credit from any of the defendants.

12. That none of the defendants have ever possessed or known of the existence of any evidence to prove that the plaintiff has entered into any contract with any of the defendants.

13. That within one year prior to the filing of this complaint, the defendants FIRST USA BANK, N.A., S & A SERVICES OF MARION, LTD, TRIAD, RANDALL NEIN, JASON MAPLES and WILLIAM D. KWIATEK and DOES 1-100 have sent and continue to send a report ("report") of credit information regarding the plaintiff to Equifax Information Services, Experian Corporation, TRW and Trans Union Credit bureaus.

14. That the report sent by the defendants to the credit bureaus has been read by potential lenders and creditors of the plaintiff, within the County of Alameda, State of California and elsewhere.

15. That the report sent by the defendants to the credit bureaus states that the plaintiff is indebted to the defendants in an amount in excess of $26,000.00.

16. That the report sent by said defendants to those credit reporting bureaus is false.

17. That the report sent by said defendants was false in that it inaccurately reports that the plaintiff is indebted to FIRST USA BANK N.A., when in truth the plaintiff has never applied for nor received any credit from FIRST USA BANK, N.A., which was known by said defendants prior to the time that it sent the report to Equifax and other credit reporting bureaus.

18. That notwithstanding their knowledge that the information contained in the report was false, the defendants and each of them have knowingly given and continue to provide untrue credit information regarding the plaintiff to Equifax and the other credit reporting bureaus in violation of California Civil Code Section 1747.70(a) and after receiving an inquiry from the plaintiff, the defendants and each of them have refused to withdraw unfavorable information about the plaintiff and refused to cease and desist from publishing unfavorable information about the plaintiff, within the County of Alameda, State of California and elsewhere.

/////

/////

19.    That the defendants and each of them deliberately and intentionally refuse to correct false information that they have knowingly published regarding the plaintiff, in particular that the plaintiff is allegedly in debt to the FIRST USA BANK N.A. or its alleged assignee(s).

20.    That the defendant FIRST USA BANK, N.A. with knowledge of and after receiving notice that the plaintiff was the victim of identify theft, sold the debt ("debt") allegedly incurred by the plaintiff's identify theft, in violation California Civil Code Section 1785.16.2(c) to the defendant TRIAD on July 6, 2001 and that with knowledge that the plaintiff did not owe any money to FIRST USA BANK, N.A., the defendant TRIAD thereafter sold the debt to the defendant S & A SERVICES OF MARION, LTD.

21.    That as a proximate result of the above-described report, the plaintiff has suffered damage, within the County of Alameda, State of California and elsewhere, to his reputation, shame, mortification and hurt feelings all to his general damage.

22.    As a further proximate result of the above-described report, the plaintiff has suffered the following special damages; increased interest expenses when obtaining financial credit, within the County of Alameda, State of California and elsewhere.

23.    That above-described publication was published by the defendants with malice, fraud and oppression in that said defendants knew that the contents of their publication were false and untrue and yet published the report with the intention and expectation of extorting money from the plaintiff in order to avoid further ongoing damage to his credit rating and because the defendants did not want to truthfully report profits and losses to their stockholders, investors and creditors and therefore the plaintiff also seeks an award of punitive damage to punish the defendants and deter them from engaging in such conduct and injury other people in the future.

24.    That the conduct of the defendants and each of them as described in the foregoing paragraphs numbered eight (8) through twenty-three (23), which are incorporated herein by reference, was intended to cause the plaintiff to suffer severe emotional distress within the County of Alameda, State of California and that as a result of said conduct by the defendants the plaintiff has suffered and continues to suffer severe emotional distress consisting of loss of sleep, loss of appetite, irritability, loss of self-esteem, anxiety and depression all to his general damage.

25. That as a result of the defendants' intentional infliction of severe emotional distress, the plaintiff has also incurred special damages to help alleviate his loss of sleep, loss of appetite, irritability, loss of self-esteem, anxiety and depression.

WHEREFORE, the plaintiff prays judgment against the defendants and each of them as follows:

1. For general damages according to proof.

2. For special damages according to proof.

3. For punitive damages.

4. For reasonable attorney fees.

5. For costs of suit.

6. For such other and further relief as this Court may deem just and proper.

Dated: August 25, 2004

Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

COMPLAINT - 5

| Date | Action | Image (Java) | Image (TIFF) |
|---|---|---|---|
| 08/25/04 | Complaint - Defamation Filed (Amended) | 📄 | 📄 |
| 08/25/04 | Civil Case Cover Sheet Filed for Robert Michael Siemons | 📄 | 📄 |
| 08/25/04 | Summons on Complaint Issued | | |
| 10/25/04 | Initial Case Management Conference 12/30/2004 01:30 PM D- 707 | 📄 | 📄 |
| 12/07/04 | Hearing Reset to Initial Case Management Conference 01/20/2005 01:30 PM D-707 | 📄 | 📄 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 📄 | 📄 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 📄 | 📄 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 📄 | 📄 |
| 12/16/04 | Amendment to Complaint substituting True name(s) for Doe(s) Filed | 📄 | 📄 |
| 12/17/04 | Summons w/o Proof of Service Filed | 📄 | 📄 |
| 12/17/04 | Proof of Service on Complaint As to First USA Bank, N.A. Filed | 📄 | 📄 |
| 12/17/04 | Request Re: Entry of Default as to Party First USA Bank, N.A. Filed | 📄 | 📄 |
| 12/20/04 | Request Re: Entry of Default as to Party As to First USA Bank, N.A. Entered | 📄 | 📄 |
| 01/05/05 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 01/20/05 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 01/20/05 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 04/21/2005 time: 10:00 AM | | |
| 02/14/05 | Rejection Letter Issued on Answer to Complaint | 📄 | 📄 |
| 02/15/05 | Hearing Reset to Case Management Conf Continuance 04/18/2005 10:00 AM D-707 | 📄 | 📄 |
| 02/18/05 | Rejection Letter Issued on Answer to Complaint | 📄 | 📄 |
| 02/28/05 | Proof of Service on Complaint As to Suzanne Schreiber, Suzanne Schreiber Filed | 📄 | 📄 |
| 02/28/05 | Request Re: Entry of Default as to Party Suzanne Schreiber, Suzanne Schreiber Filed | 📄 | 📄 |
| 02/28/05 | Proof of Service on Complaint As to William D. Kwiatek Filed | 📄 | 📄 |
| 02/28/05 | Request Re: Entry of Default as to Party William D. Kwiatek Filed | 📄 | 📄 |
| 02/28/05 | Proof of Service on Complaint As to S & A Services of Marion, LTD Filed | 📄 | 📄 |
| 02/28/05 | Request Re: Entry of Default as to Party S & A Services of Marion, LTD Filed | 📄 | 📄 |
| 02/28/05 | Proof of Service on Complaint As to Jeffrey Schreiber, Jeffrey Schreiber Filed | 📄 | 📄 |
| 02/28/05 | Request Re: Entry of Default as to Party Jeffrey Schreiber, Jeffrey Schreiber Filed | 📄 | 📄 |
| 02/28/05 | Request Re: Entry of Default as to Party As to S & A Services of Marion, LTD Entered | 📄 | 📄 |
| 02/28/05 | Request Re: Entry of Default as to Party As to William D. Kwiatek Entered | 📄 | 📄 |
| 03/23/05 | Request Re: Entry of Default as to Party As to Suzanne Schreiber, Suzanne Schreiber Entered | 📄 | 📄 |
| 03/24/05 | Rejection Letter Issued on Answer to Complaint | 📄 | 📄 |
| 04/05/05 | Request Re: Entry of Default as to Party As to Jeffrey Schreiber, Jeffrey Schreiber Entered | 📄 | 📄 |
| 04/06/05 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |



Ex. B

| Date | Description | | |
|------|-------------|---|---|
| 04/06/05 | Request Re: Dismissal w/o prejudice - partial as to: party Triad Filed | 📄 | 📄 |
| 04/06/05 | Dismissal As to Defendant: Triad Entered | | |
| 04/18/05 | Request Re: Default and Default Court Judgment As To Robert Michael Siemons, S & A Services of Mario | 📄 | 📄 |
| 04/18/05 | Civil Uncontested 06/28/2005 01:30 PM D- 707 | 📄 | 📄 |
| 04/18/05 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 04/18/05 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 10/24/2005 time: 10:00 AM | | |
| 05/27/05 | Motion to Vacate/Set Aside Default Reservation Set for dept: 31 date: 06/27/2005 time: 09:00 AM | | |
| 06/06/05 | Hearing Reset to Motion to Vacate/Set Aside Default 06/30/2005 09:00 AM D- 31 | | |
| 06/08/05 | Motion to Vacate/Set Aside Filed | 📄 | 📄 |
| 06/08/05 | Motion to Vacate/Set Aside Hearing Confirmed for 06/30/2005 09:00 AM D- 31 | | |
| 06/16/05 | Proposed Answer Filed | 📄 | 📄 |
| 06/20/05 | Memorandum of Points and Authorities in Opposition to Motion Filed | 📄 | 📄 |
| 06/20/05 | Proposed Order Received | 📄 | 📄 |
| 06/20/05 | Rejection Letter Issued on Answer to Complaint | 📄 | 📄 |
| 06/23/05 | Reply to oppostion Plaintiff's motion to set aside default & judgment Filed | 📄 | 📄 |
| 06/28/05 | Civil Uncontested Commenced and Completed | 📄 | 📄 |
| 06/30/05 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/30/05 | Motion to Vacate/Set Aside Granted | 📄 | 📄 |
| 06/30/05 | Answer to Complaint Filed for Jeffrey Schreiber, Suzanne Schreiber | 📄 | 📄 |
| 07/27/05 | Notice of Change of Address Filed | 📄 | 📄 |
| 08/26/05 | Notice of Change of Firm Name Filed | 📄 | 📄 |
| 10/12/05 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 10/14/05 | Case Management Statement of Jeffrey Schreiber, Suzanne Schreiber Filed | 📄 | 📄 |
| 10/24/05 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 10/24/05 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 01/30/2006 time: 10:00 AM | | |
| 01/23/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 01/23/06 | Request Re: Entry of Default as to Party Jason Maples Filed | 📄 | 📄 |
| 01/23/06 | Proof of Service on Complaint As to Jason Maples Filed | 📄 | 📄 |
| 01/30/06 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 01/30/06 | Order re Case Management Filed | 📄 | 📄 |
| 01/30/06 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 05/01/2006 time: 09:00 AM | | |
| 01/30/06 | Refer to Judicial Arbitration | | |
| 01/31/06 | Notice of Proposed Arbitrators Issued | 📄 | 📄 |
| 01/31/06 | Request Re: Entry of Default as to Party As to Jason Maples Entered | | |
| 02/15/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 04/20/06 | Case Management Statement of Jeffrey Schreiber, Suzanne Schreiber Filed | | |

| 04/24/06 | Motion to Compel (Motion) Filed for Plaintiff | 📄 | 📄 |
|---|---|---|---|
| 04/24/06 | Motion to Compel (Motion) Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | 📄 | 📄 |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | 📄 | 📄 |
| 04/24/06 | Motion to Compel Further Answers to Interrogatories Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 04/24/06 | Motion for Further Production of Documents Filed for Plaintiff | 📄 | 📄 |
| 04/24/06 | Motion for Further Production of Documents Hearing Confirmed for 06/01/2006 09:00 AM D-31 | | |
| 05/01/06 | Case Management Conference Commenced and Completed | 📄 | 📄 |
| 05/01/06 | Case Management Conference Order Issued | 📄 | 📄 |
| 05/01/06 | Case Management Conf Continuance 07/10/2006 09:00 AM D-707 | | |
| 05/01/06 | Miscellaneous Case Management Conference Order Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/26/06 | Opposition Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re Motion to Compel form interrog. responses Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re Motion to Compel responses to demand for Production Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re Motion to Compel Responses to Requests for Admissions Filed | 📄 | 📄 |
| 05/30/06 | Reply Brief re motion to compel special interrog. responses Filed | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion to Compel (Motion) Granted | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion to Compel Further Answers to Interrogatories Granted | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion to Compel Further Answers to Interrogatories Granted | 📄 | 📄 |
| 06/01/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 06/01/06 | Motion for Further Production of Documents Granted | 📄 | 📄 |
| 06/13/06 | Case Management Statement of Suzanne Schreiber, Jeffrey Schreiber Filed | 📄 | 📄 |
| 07/06/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 07/10/06 | Case Management Conference Commenced and Completed | 📄 | 📄 |
| 07/10/06 | Case Management Conference Order Issued | 📄 | 📄 |
| 07/10/06 | Case Management Conf Continuance 10/23/2006 09:00 AM D-707 | | |
| 07/10/06 | Miscellaneous Order re: Case Management Filed | 📄 | 📄 |
| 07/10/06 | Refer to Judicial Arbitration | | |

| Date | Description | | |
|------|-------------|---|---|
| 07/12/06 | Notice of Proposed Arbitrators Issued | 📄 | 📄 |
| 07/12/06 | Motion for Sanctions Filed for Plaintiff | 📄 | 📄 |
| 07/12/06 | Motion for Sanctions Hearing Confirmed for 08/10/2006 09:00 AM D- 31 | | |
| 07/14/06 | Rejection of Arbitrator Filed for Plaintiff | 📄 | 📄 |
| 07/26/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 07/27/06 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 08/03/06 | Declaration in Support Reply Brief to Opposition...(re Form Interrogatories) Filed | 📄 | 📄 |
| 08/03/06 | Declaration in Support Reply Brief to Opposition...(re Special Interrogatories) Filed | 📄 | 📄 |
| 08/03/06 | Reply re Motion for Sanctions Filed | 📄 | 📄 |
| 08/07/06 | Recusal of Arbitrator Filed | 📄 | 📄 |
| 08/07/06 | Notice of Recusal of Arbitrator Issued | 📄 | 📄 |
| 08/07/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 08/10/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 08/10/06 | Motion for Sanctions Granted in Part | 📄 | 📄 |
| 08/14/06 | Recusal of Arbitrator Filed | 📄 | 📄 |
| 08/14/06 | Notice of Recusal of Arbitrator Issued | 📄 | 📄 |
| 08/14/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 08/21/06 | Recusal of Arbitrator Filed | 📄 | 📄 |
| 08/21/06 | Notice of Recusal of Arbitrator Issued | 📄 | 📄 |
| 08/21/06 | Notice of Assignment of Arbitrator Issued | 📄 | 📄 |
| 08/25/06 | Motion for Sanctions Filed for Plaintiff | 📄 | 📄 |
| 08/25/06 | Motion for Sanctions Hearing Confirmed for 09/27/2006 09:00 AM D- 31 | | |
| 09/18/06 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 09/21/06 | Reply Brief of plaintiff Re Motion for Terminating Sanctions Filed | 📄 | 📄 |
| 09/25/06 | Proof of Service by Mail Filed | 📄 | 📄 |
| 09/27/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 09/27/06 | Motion for Sanctions Taken Under Submission | 📄 | 📄 |
| 09/27/06 | Motion for Sanctions Granted in Part | 📄 | 📄 |
| 09/27/06 | Motion to Compel Further Answers to Interrogatories Filed for Plaintiff | 📄 | 📄 |
| 09/27/06 | Motion to Compel Further Answers to Interrogatories 10/19/2006 09:00 AM D- 31 | | |
| 10/19/06 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 10/19/06 | Motion to Compel Further Answers to Interrogatories - Dropped | 📄 | 📄 |
| 10/20/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 10/23/06 | Case Management Conference Commenced and Continued | 📄 | 📄 |
| 10/23/06 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 12/11/2006 time: 09:00 AM | | |
| 12/07/06 | Case Management Statement of Robert Michael Siemons Filed | 📄 | 📄 |
| 12/11/06 | Case Management Conference Commenced and Completed | 📄 | 📄 |

| | | | |
|---|---|---|---|
| 12/11/06 | Case Management Conference Order Issued | 🖹 | 🖹 |
| 12/11/06 | Case Management Conf Continuance 03/05/2007 10:00 AM D- 707 | | |
| 12/11/06 | Order re Case Management Filed | 🖹 | 🖹 |
| 12/13/06 | Hearing Reset to Case Management Conf Continuance 03/05/2007 10:00 AM D-707 | | |
| 03/02/07 | Case Management Statement of Robert Michael Siemons Filed | 🖹 | 🖹 |
| 03/05/07 | Case Management Statement of Robert Michael Siemons Filed | 🖹 | 🖹 |
| 03/05/07 | Case Management Conference Commenced and Continued | 🖹 | 🖹 |
| 03/05/07 | Hearing Continued to Case Management Conf Continuance dept: 707 date: 04/30/2007 time: 09:00 AM | | |
| 03/05/07 | Case Management Conf Continuance 04/30/2007 09:00 AM D- 707 | | |
| 03/21/07 | Order Shortening Time Reservation Set for dept: 31 date: 03/23/2007 time: 01:30 PM | | |
| 03/22/07 | Award of Arbitrator Filed | 🖹 | 🖹 |
| 03/22/07 | Notice of Award of Arbitrator Issued | 🖹 | 🖹 |
| 03/23/07 | Application Re: Order Shortening Time Filed for Robert Michael Siemons | 🖹 | 🖹 |
| 03/23/07 | Application Re: Order Shortening Time Denied | 🖹 | 🖹 |
| 03/23/07 | Motion for Discovery Filed by Robert Michael Siemons | 🖹 | 🖹 |
| 03/23/07 | Motion for Discovery Hearing Confirmed for 04/18/2007 09:00 AM D- 31 | | |
| 04/04/07 | Rejection of Award/Trial De Novo Filed | 🖹 | 🖹 |
| 04/06/07 | Declaration in Opposition to Motion Filed by Suzanne Schreiber, Jeffrey Schreiber | 🖹 | 🖹 |
| 04/06/07 | Opposition to Motion Filed | 🖹 | 🖹 |
| 04/06/07 | Proposed Order Received | 🖹 | 🖹 |
| 04/09/07 | Letter dated 4/3/07 Re Minute Order for Case Management Conference on 3/5/07 Filed | 🖹 | 🖹 |
| 04/10/07 | Case Management Statement of Robert Michael Siemons Filed | 🖹 | 🖹 |
| 04/11/07 | Reply Brief in Response to Opposition re Motion to Conduct Financial Discovery Filed | 🖹 | 🖹 |
| 04/11/07 | Declaration in Support Motion for Order to Conduct Financial Discovery Filed | 🖹 | 🖹 |
| 04/11/07 | Declaration of Stephen A Cain in Support of Reply Brief Filed by Robert Michael Siemons | 🖹 | 🖹 |
| 04/11/07 | Proposed Order Received | 🖹 | 🖹 |
| 04/18/07 | Civil Law and Motion Hearing Commenced and Completed | 🖹 | 🖹 |
| 04/18/07 | Motion for Discovery Denied | 🖹 | 🖹 |
| 04/19/07 | Motion to Conduct Financial Discovery Filed by Robert Michael Siemons | 🖹 | 🖹 |
| 04/19/07 | Motion to Conduct Financial Discovery Hearing Confirmed for 05/08/2007 09:00 AM D- 31 | | |
| 04/23/07 | Hearing Reset to Motion to Conduct Financial Discovery 05/21/2007 09:00 AM D-31 | | |
| 04/25/07 | Amended Notice of Motion and Motion for Order to Conduct Financial Discovery Filed | 🖹 | 🖹 |
| 04/25/07 | Proof of Service on Motion | 🖹 | 🖹 |
| 04/30/07 | Case Management Conference Commenced and Completed | 🖹 | 🖹 |

| Date | Description | | |
|------|-------------|---|---|
| 5/01/07 | Case Management Conference Order Issued | 📄 | 📄 |
| 5/01/07 | Master Jury Trial 11/02/2007 09:00 AM D- 511 | | |
| 5/07/07 | Substitution of Attorney Filed for Jeffrey Schreiber | 📄 | 📄 |
| 5/07/07 | Substitution of Attorney Filed for Suzanne Schreiber | 📄 | 📄 |
| 5/08/07 | Memorandum of Points and Authorities in Opposition Filed | 📄 | 📄 |
| 5/14/07 | Reply Brief In Response to Opposition Filed | 📄 | 📄 |
| 5/14/07 | Proof of Service Filed | 📄 | 📄 |
| 5/21/07 | Civil Law and Motion Hearing Commenced and Completed | 📄 | 📄 |
| 5/21/07 | Motion to Conduct Financial Discovery Denied | 📄 | 📄 |

1  Stephen A. Cain, SB#111049
   Attorney at Law
   1101 Standiford Avenue, Suite A-7
2  Modesto   CA   95350
   Telephone: (209) 567-1300
3

4  Attorney for Plaintiff
   ROBERT MICHAEL SIEMONS
5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11 ROBERT MICHAEL SIEMONS,              )  Case No.:  VG04172155
                                        )
12              Plaintiff,              )
                                        )  AMENDMENT TO COMPLAINT
13      vs.                            )  CCP Section 474 (DOE 1)
                                        )
14 FIRST U.S.A. BANK, N.A.,            )
   S & A SERVICES OF MARION, LTD.      )
15 TRIAD, WILLIAM D. KWIATEK, JASON    )
   MAPLES, RANDALL NEIN, and DOES 1-100,)
16 inclusive,                          )
                                        )
17              Defendants.            )
                                        )
18

19      Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant

20 and having designated said defendant in the complaint by a fictitious name, to wit: DOE 1, and

21 having discovered the true name of said defendant to be JEFFREY SCHREIBER, hereby amend his

22 complaint by inserting such true name in the place and stead of such fictitious name wherever it

23 appears in said complaint.

24 Dated: December 15, 2004

25                                         Stephen A. Cain
                                           Attorney for Plaintiff
26                                         ROBERT MICHAEL SIEMONS

27

28

                                   Ex. C

                         AMENDMENT TO COMPLAINT - 1

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| ROBERT MICHAEL SIEMONS, | **Case No.:  VG04172155** |
| Plaintiff, | |
| vs. | AMENDMENT TO COMPLAINT<br>CCP Section 474 (DOE 2) |
| FIRST U.S.A. BANK, N.A.,<br>S & A SERVICES OF MARION, LTD,<br>TRIAD, WILLIAM D. KWIATEK, JASON<br>MAPLES, RANDALL NEIN, and DOES 1-100,<br>inclusive, | |
| Defendants. | |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 2, and having discovered the true name of said defendant to be SUZANNE SCHREIBER, hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: December 15, 2004

Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

AMENDMENT TO COMPLAINT - 1

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite A-7
Modesto  CA  95350
Telephone: (209) 567-1300

Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| ROBERT MICHAEL SIEMONS, ) | **Case No.:  VG04172155** |
| Plaintiff, ) | |
| ) | AMENDMENT TO COMPLAINT |
| vs. ) | CCP Section 474 (DOE 3) |
| ) | |
| FIRST U.S.A. BANK, N.A., ) | |
| S & A SERVICES OF MARION, LTD, ) | |
| TRIAD, WILLIAM D. KWIATEK, JASON ) | |
| MAPLES, RANDALL NEIN, and DOES 1-100, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant and having designated said defendant in the complaint by a fictitious name, to wit: DOE 3, and having discovered the true name of said defendant to be JEFFREY SCHREIBER, d.b.a. S & A SERVICES OF MARION, LTD, hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated: December 15, 2004

Stephen A. Cain
Attorney for Plaintiff
ROBERT MICHAEL SIEMONS

AMENDMENT TO COMPLAINT - 1

Cain, Stephen A.
Attorney at Law
1101 Standiford Avenue, Suite D-2
Modesto, CA   95350-_____

Gordon & Wong Law Group, A
Professional Law Corp.
Attn:  Wong, Mitchell L.
999 Bayhill Drive
Suite 160
San Bruno, CA   94066

## Superior Court of California, County of Alameda
## Gale / Schenone Hall of Justice

Siemons

Plaintiff/Petitioner(s)

VS.

First USA Bank, N.A.

Defendant/Respondent(s)
(Abbreviated Title)

No. VG04172155

Case Management Order

Complaint - Defamation

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

TRIAL SETTING ORDERS

The Court makes the following trial setting orders:

Trial Date: 11/02/2007 at 09:00 AM in Dept. 511.

Estimated length of trial: 5 court days.

TRIAL SETTING ORDERS

The parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 4.6.

Jury is demanded by Plaintiff(s)
Jury is reserved by Defendant(s)

NOTICES

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to self-represented parties of record by mail.

OTHER ORDERS

Discovery is to remain open until 15 days prior to trial pursuant to stipulation of the parties.

Given the nature and schedule for ADR the parties have voluntarily adopted, the court agreed with counsel that it was appropriate not to schedule a settlement conference for this case.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of

Ex. D

sanctions pursuant to CCP 177.5.

Dated:  05/01/2007

_Alice Vilardi_
Judge Alice Vilardi


*5678609*

05/02/2007  15:29   7656645888          SCHREIBER LAW FIRM                    PAGE  03/04

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Tomio B. Narita, Esq. (156576) Simmonds & Narita LLP 44 Montgomery Street, Suite 3010 San Francisco, CA 94104 | **F I L E D** ALAMEDA COUNTY MAY 0 7 2007 CLERK OF THE SUPERIOR COURT By _Esther Cel_____ Deputy |

TELEPHONE NO.: 415.283.1000    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendants Suzanne Schreiber & Jeffrey Schreiber

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 5672 Stoneridge Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Pleasanton, CA 94588
BRANCH NAME: Gale-Schenone Hall of Justice

CASE NAME:
Robert Michael Siemons v. First USA Bank, N.A., et al.

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: VG04172155 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Suzanne Schreiber    makes the following substitution:

1. Former legal representative   ☐ Party represented self*   ☑ Attorney (name) Mitchell L. Wong
2. New legal representative      ☐ Party is representing self*  ☑ Attorney
   a. Name: Tomio B. Narita              b. State Bar No. (if applicable): 156576
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
   Simmonds & Narita LLP
   44 Montgomery St., Suite 3010, San Francisco, CA 94104
   d. Telephone No. (include area code): 415.283.1000
3. The party making this substitution is a   ☐ plaintiff  ☑ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):

**BY FAX**

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian          • Personal Representative        • Guardian ad litem
- Conservator       • Probate fiduciary              • Unincorporated
- Trustee           • Corporation                      association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
Date:
Suzanne Schreiber
_____
(TYPE OR PRINT NAME)                            ▶ _____ (SIGNATURE OF PARTY)

5. ☑  I consent to this substitution.
Date: 5/7/07
Mitchell L. Wong
_____
(TYPE OR PRINT NAME)                            ▶ _____ (SIGNATURE OF FORMER ATTORNEY)

6. ☑  I consent to this substitution.
Date: 5-7-07
Tomio B. Narita
_____
(TYPE OR PRINT NAME)                            ▶ _____ (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                          Page 1 of 2

| Form Adopted For Mandatory Use Judicial Council of California MC-050 [Rev. January 1, 2007] | SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | Code of Civil Procedure, §§ 284(1), 285; Cal. Rules of Court, rule 3.1362 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**Ex. E**

05/04/2007  10:38   7656645088          SCHREIBER LAW FIRM          PAGE  01/02

*5678605*

MC-050

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Tomio B. Narita, Esq. (156576)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
TELEPHONE NO.: 415.283.1000    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendants Suzanne Schreiber & Jeffrey Schreiber

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 5672 Stoneridge Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Pleasanton, CA 94588
BRANCH NAME: Gale-Schenone Hall of Justice

CASE NAME:
Robert Michael Siemons v. First USA Bank, N.A., et al.

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: VG04172155 |

FOR COURT USE ONLY

F I L E D
ALAMEDA COUNTY
MAY 0 7 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

BY FAX

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Jeffrey Schreiber    makes the following substitution:

1. Former legal representative   ☐ Party represented self   ☑ Attorney (name) Mitchell L. Wong
2. New legal representative      ☐ Party is representing self*   ☑ Attorney
   a. Name: Tomio B. Narita      b. State Bar No. (if applicable): 156576
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      Simmonds & Narita, LLP., 44 Montgomery Street, Suite 3010
      San Francisco, CA  94104
   d. Telephone No. (include area code): 415.283.1000
3. The party making this substitution is a   ☐ plaintiff  ☑ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):

*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES
• Guardian            • Personal Representative      • Guardian ad litem
• Conservator         • Probate fiduciary            • Unincorporated
• Trustee             • Corporation                    association
If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form
to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

NOTICE TO PARTIES WITHOUT ATTORNEYS
A party representing himself or herself may wish to seek legal assistance. Failure to take
timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date:
   Jeffrey Schreiber
   (TYPE OR PRINT NAME)                          ► _____ (SIGNATURE OF PARTY)

5. ☑  I consent to this substitution.
   Date: 5/7/07
   Mitchell L. Wong
   (TYPE OR PRINT NAME)                          ► _____ (SIGNATURE OF FORMER ATTORNEY)

6. ☑  I consent to this substitution.
   Date: 5-7-07
   Tomio B. Narita
   (TYPE OR PRINT NAME)                          ► _____ (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]
SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)
Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
JUDICIAL ARBITRATION PROCEEDING

ROBERT MICHAEL SIEMONS
_____
Plaintiff(s),

Case No. __VG04172155__

v.

FIRST USA BANK; S & A
SERVICES,OF MARION, LTD ,
SUZANNE SCHREIBER and
JEFFREY SCHREIBNER,et al

AWARD OF ARBITRATOR
(CCP 1141.23 and CRC 1615)

_____
Defendant(s),

The undersigned Judicial Arbitrator, having been duly assigned by the Alameda County Superior Court,
and having heard and considered the evidence and arguments of the parties in the above referenced cause
on ._March 1, 2007 awards in full and final settlement of all claims submitted to arbitration under
California Rules of Court as follows:

1. **JUDGMENT** in favor of __X__ Plaintiff(s) ____Cross-complainant(s) *[state full names of parties]:*

_____

**AGAINST** __X__ Defendant(s) ____Cross-defendant(s): *[state full names of parties]:*

_____

IN THE SUM OF:

| A. Business/Contract Complaint: | | B. Negligence Complaint: | |
|---|---|---|---|
| Principal: | $ | Special Damages: | $ |
| Interest: | $ | General Damages: | $ |
| Attorney Fees: | $reasonable | Property Damage: | $ |
| Other:FRAUD, INTENTIONAL TORTS | $100,000.00$ | Other: | $ |
| **TOTAL AWARD:** | $100,000.00 | **TOTAL AWARD:** | $ |

2 ____ Plaintiff(s)' ____Cross-Complainant(s)' CLAIM IS DENIED.
3. ____ A. Each party to the arbitration shall bear their own costs and attorney fees; or
__X__ B. Statutory and/or contractual costs _____and attorney's fees are awarded to *[state full
name of party]*__ROBERT MICHAEL SIEMEONS and against *[state full name of party]*
*SUZANNE SCHREIBNER and JEFFREY SCHREIBNER* in an amount to be determined
by the Court pursuant to CRC 870, 870.2 and CCP 1032, 1033, and 1033.5, inter alia.

4. A brief statement of the Arbitrator's Findings of Fact/Conclusions of Law: *(optional):* SEE ATTACHED

Dated __3- 20- 2007__

_____
(Signature of the Judicial Arbitrator)

*(Please complete Proof of Service on reverse side)*

AWARD OF ARBITRATOR ENTERED AS JUDGMENT IN COMPLIANCE WITH CRC, RULE 1615
(C) on (date):_____ in JUDGMENT BOOK No. _____ page No. _____
Arthur Sims – Executive Officer/Clerk, by: _____
Deputy Clerk

Ex. F

RE: Siemons v Schreiber
Alameda County No. VG04127732355

ARBITRATOR'S FINDINGS OF FACT.

1. USA BANK falsely reported that Plaintiff was indebted to USA BANK on credit card purchases of $8,717.00 for a credit card from USA BANK. Documentary evidence and testimony at arbitration indicated that Plaintiff never applied for, nor owned, nor used a USA BANK credit card.

2. Mr. Siemons became aware of a negative credit report when he applied for refinancing of a mortgage loan in 2001. Mr. Siemons promptly reported to USA BANK that he did not own a USA BANK credit card and had no knowledge of the questioned credit card debt.

3. Subsequently, USA BANK sent a letter to Mr. Siemons assuring Mr. Siemons that the purported debt had been removed from plaintiff's credit report. This assurance was false. Of the three major credit reporting agencies, Equifax, and Transunion appear to have removed the purported debt. Experian Credit reporting did not remove it. Since Mr. Siemons had completed his mortgage refinancing, he relied on the representations in USA Bank's letter of March 10, 2003 stating that it had notified the crediting reporting agencies.

4. On February 10, 2003, Mr. Siemons received a letter from S & A Services of Marion, Ltd. The letterhead did not state that S & A of Marion was a corporation. The letter stated that Mr. Siemons was indebted to S & A Services in the amount of $26,633.09.

5. On June 16, 2003 Mr. Siemons received a letter from USA Bank.. The letter stated that USA Bank had sold its accounts to an entity designated as Triad, and then Triad sold the accounts to S & A Services of Marion, LTD. These transactions were transmitted electronically.

6. On September 27, 2003, Mr. Siemons received letter from a credit reporting agency with instructions on how to dispute a claim under the Fair Credit Reporting Agency Act

7.. The Siemons' began receiving telephone calls, both at home and at their place of business. Plaintiff testified that he received over 70 harassing telephone calls from S & A Services at his small business, which were heard by his employees. He and his wife also received harassing telephone calls at home. S & A Services, Ltd. is a collection service. The telephone calls intimidated him and his wife, accused him of lying about the purported credit card debt, threatened both him and his wife, and demanded payment for a credit card debt which he vehemently denied, since he never owned a USA BANK credit card.

8. Neither Triad, nor S & A Services, Ltd. investigated Plaintiff's complaint. No evidence was produced at arbitration by Defendant's counsel to indicate the that the assigned debt actually existed or that Plaintiff had ever been issued a USA BANK credit card, nor used a USA Bank credit card. Credible evidence was presented that S & A Services, Ltd. had engaged in this

conduct in the past and that it was a common business practice for S & A.

9. Documents produced at arbitration evidenced that USA BANK had transferred the account to S & A Services, Ltd, for no consideration whatsoever. Mr. Siemons was never informed of this "transfer" and testified that he believed, in good faith and justifiably, that the matter had been resolved with USA Bank.

10. The bulk of the correspondence introduced at arbitration, indicated that Plaintiff engaged in extensive written communication with Defendants in an effort to clean his credit record. He and his wife suffered severe emotional distress including lack of sleep, anger, frustration, marital discord, and intimidation by collection agencies, mainly S & Services, Ltd, harassing telephone calls on a continuous basis to the point that both of them were afraid to answer the telephone both at his business and at their home.

11. The Plaintiff further suffered humiliation at his place of business when his small band of employees were aware of his conversations with S & A Services, Ltd. The extreme and outrageous conduct of  S & A Services in attempting to collect on a bogus debt, refusing to investigate the claims of Plaintiff and violation of California's Consumer Credit Agency Reporting Act caused the Plaintiff extreme emotional distress, preventing him from functioning in his small business and in his home life.

12. This serious disruption in his life and business, necessitated  him to retain an attorney to rectify this matter, evidence his emotional distress. Mr. Siemons had never had to employ an attorney before. Discovery went badly, with Defendants refusing to respond. The Alameda County Superior Court issued monetary sanctions to Defendants several times. Still no adequate response were received by Plaintiff's counsel.

13. Defendants, USA Bank and S & A Services, LTD, acted intentionally or with reckless disregard of the Plaintiff's consumer rights and the law.

14. Evidence educed at arbitration and presented in arbitration briefs indicates that Defendant Suzanne Schreiber was President of S & A Services, which was then a corporation. Although corporate papers were presented indicating that the corporation intended to wind-up the corporation, there was no evidence that the corporation did conclude the corporate formalities of winding up the corporation.

15. In addition Jeffrey Schreiber, Suzanne Schreiber's attorney, gave Jeffrey Schreiber's own address as that of S & A Services. This evidence indicates that Jeffrey Schreiber was somehow involved in the S & A Services business. Jeffrey Schreiber is listed as a bankruptcy and collection attorney.

## ARBITRATOR'S CONCLUSIONS OF LAW

A. Since the Defendants had a duty to investigate the complaints of Plaintiff under the California's Consumer Credit Reporting Agency Act prior to accepting electronically transmitted information and failed to do so, they have breached this duty and caused damages to the Plaintiffs. Defendants did this either intentionally or in reckless disregard for the truth or falsity of the credit of the Plaintiff. This is sufficient to prove fraud.

B. Small corporations cannot hide behind a corporate veil to shield the acts of corporate officers and/or directors who are vicariously liable and/or ratify the acts of the corporate President whose duty it is, under the law, to supervise the acts of their employees, especially when corporate formalities are not observed..

C. Regarding the Statute of Limitations on the various causes of action, the Arbitrator finds that the statute does not begin to run, or is tolled during the period of time when, as here, the Creditor secrets information from the purported debtor. It is not material that the Creditor purportedly did not know of the bogus debt. It is material that the purported Debtor did not know, nor was he informed, until he began to receive collection calls. The Statute of limitations began to run on September 27, 2003. Plaintiff filed this complaint on August 24, 2004, well within any one year two year, or three year Statute of Limitations.

D. Although other parties may have contributed to this debacle, the only two Defendants addressed here are Jeffrey and Suzanne Schreiber, who, the preponderance of evidence indicates, acted in concert with the intent to defraud the Plaintiff. Attorney fees are justified in this instance.

E. Punitive damages were not waived at the arbitration. The Plaintiff's counsel only indicated that punitive damages were not an issue in this Arbitration.

F. Based upon the facts and evidence presented by the Plaintiff, and the complete absence of evidence of a valid debt by the Defendants, judgement is for the Plaintiff.

3-20-2007                                    Judith P. Knecht

# JUDICIAL ARBITRATOR'S AWARD

## DECLARATION OF SERVICE BY MAIL

I am a citizen of the United States, over the age of eighteen years, not a party to the within action and a resident or employed in the County where the mailing described below took place.

On March 20, 2007 I served a copy of the foregoing JUDICIAL ARBITRATION AWARD, together with any attachments, by placing a true copy, enclosed in a sealed envelope, with first class postage fully prepaid, in the United States Postal Service located at OAKLAND (city) in California, addressed as follows:

### TO EACH OF THE FOLLOWING:

1. JUDICIAL ARBITRATION UNIT
   Alameda County Superior Court
   24405 Amador Street
   Hayward, CA 94544

2. Mitchell L. Wong
   Gordon & Wong Law Group, P.C>
   999 Bayhill drive, Suite 160
   San Bruno, CA 94066

3. Stephen A. Cain
   Attorney at Law
   1101 Standiford Avenue, Suite D-2
   Modesto, CA 95350

4. 

5. 

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3-20-2007

(signature)

Please print name: JUDITH P. KNECHT