1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Plaintiffs
   Suzanne Schreiber and Jeffrey Schreiber
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11

12  SUZANNE SCHREIBER, an              )  CASE NO. C-07-2467 MJJ
    individual; JEFFREY SCHREIBER,     )
13  an individual,                     )  **PLAINTIFFS' MEMORANDUM IN**
                                       )  **OPPOSITION TO DEFENDANT'S**
14             Plaintiffs,             )  **MOTION TO DISMISS FIRST**
                                       )  **AMENDED COMPLAINT**
15       vs.                           )
                                       )  Date:  August 14, 2007
16  ROBERT MICHAEL SIEMONS, an         )  Time:  9:30 a.m.
    individual,                        )  Ctrm:  11, 19th Floor
17                                     )
               Defendant.              )  **The Honorable Martin J. Jenkins**
18  _____)

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Defendant Robert Michael Siemons ("Siemons") has asserted that an identity thief opened a First USA Bank, N.A. credit card account using his name and personal identifying information. Siemons claims that even though he told plaintiffs Suzanne Schreiber and Jeffrey Schreiber ("the Schreibers") that he was the victim of identity theft, they continued to attempt to collect the debt from him, and they continued to report inaccurate information about him and the account to the consumer reporting agencies ("CRAs").

The Schreibers deny this. They were not aware that Siemons was an alleged victim of identity theft. They did not seek to collect the account from Siemons, nor did they report any information about him or the account to the CRAs. Even if they had done the things that Siemons has alleged, their conduct would be governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. ("FCRA"), and they would have no liability to Siemons under federal or state law. Thus, the Schreibers filed this diversity action, seeking a declaratory judgment in their favor.

Siemons has moved to dismiss for lack of subject matter jurisdiction. While he concedes that a basis for subject matter jurisdiction appears on the face of the First Amended Complaint, he purports to assert a "factual" challenge to jurisdiction. But Siemons presents absolutely no evidence to refute the Schreibers' allegations that the parties are diverse and that the amount in controversy exceeds $75,000. In fact, the evidence that he tenders actually confirms that diversity jurisdiction exists here. Given the undisputed record, this Court has jurisdiction.

Siemons filed a separate action in state court against the Schreibers. He claims that they could have removed his state court action to this Court, and that they "waived" this right. He is wrong. The courts have repeatedly and consistently held that a defendant <u>cannot</u> remove on the ground that the plaintiff's claims are preempted by the FCRA. Thus, even though Siemons's state law claims are preempted by the FCRA, the Schreibers did not have the ability to remove his state

court action. Instead, they properly invoked this Court's jurisdiction and now seek a declaration that they have no liability to Siemons, given controlling federal law. The suggestion by Siemons that this case is an impermissible "end run" around the removal deadline is just not accurate.

The undisputed record now demonstrates that this Court has jurisdiction over the Schreiber's claims. The motion to dismiss should be denied.

## II. ALLEGATIONS OF THE COMPLAINT

The First Amended Complaint alleges all of the factual predicates for diversity jurisdiction. Plaintiff Suzanne Schreiber is an individual residing in Andover, Massachusetts; Plaintiff Jeffrey Schreiber is a individual residing in Marion, Indiana; and Defendant Siemons is an individual who resides in Contra Costa County, California. *See* First Amended Complaint ("Complaint") ¶¶ 5-7. The Complaint further alleges that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. *See id.* ¶ 2.[1]

## III. ARGUMENT

### A. Legal Standards For Motion To Dismiss

Siemons seeks a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1). Such motions come in two forms: a facial attack or a factual attack. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Siemons concedes that the Complaint, on its face, "is well pleaded as presenting a colorable claim for subject matter jurisdiction." *See* Defendant's Memorandum of Points and

---

[1] Siemons correctly observes that the First Amended Complaint contains a typographical error – counsel for the Schreibers inadvertently typed the number "15" instead of "28" when identifying the citation for diversity jurisdiction. *See* Complaint, ¶ 2.

Authorities ("Defendant's Mem."), at 3:14-15.  Given this, he thus purports to launch a factual challenge to this Court's jurisdiction.  *See Safe Air*, 373 F.3d at 1039 (describing factual attack).

To resolve a Rule 12(b)(1) motion based on a factual challenge, the Court may look beyond the four corners of the complaint and review evidence submitted in support of the motion "without converting the motion to dismiss into a motion for summary judgment." *Id.*  "'Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'"  *Id.* (quoting *Savage v. Glendale Un. High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).  Siemons has not met his burden.

### B.    Diversity Jurisdiction Exists Because The Parties Are Diverse And The Amount In Controversy Exceeds $75,000

Siemons suggests that a review of the complaint he filed in his state court action ("the State Court Complaint") establishes that this Court lacks **federal question** jurisdiction.[2]  His argument completely misses the mark.  The Complaint in this case alleges <u>diversity</u> jurisdiction, not federal question jurisdiction.

The Declaratory Judgment Act does not provide an independent basis for federal court jurisdiction.  *See Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  Thus, a plaintiff must plead a separate basis for federal jurisdiction. *See, e.g., Nationwide Mut. Ins. Co. v. Liberatore*, 4087 F.3d 1158, 1161 (9th Cir. 2005).

---

[2] Siemons incorrectly asserts that the Schreibers "claim[] that this Court has subject matter jurisdiction over this case by pleading that defendant Siemons is seeking to enforce provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., in the State court action." Defendant's Mem. at 5:2-4.  The Complaint alleges no such thing.

1    In a declaratory judgment case, such as the present one, the Ninth Circuit has
2 observed that diversity <u>or</u> federal question jurisdiction will suffice. *See Avemco Ins.*
3 *Co. v. Davenport*, 140 F.3d 839, 842 n.1 (9th Cir. 1998) ("Because diversity
4 jurisdiction exists in this case, the district court could hear Avemco's declaratory
5 judgment action . . . ."); *see also United Pacific Ins. Co. v. Montana*, 658 F. Supp.
6 335 (D. Mont. 1986) ("United bases jurisdiction on both 28 U.S.C. § 1332 and 28
7 U.S.C. § 1331. If either ground is correct, subject matter jurisdiction will be
8 proper."). Here, the Schreibers invoke diversity jurisdiction.

9    Siemons never even addresses the diversity jurisdiction allegations made by
10 the Schreibers under 28 U.S.C. § 1332. He never disputes the factual allegations that
11 establish diversity – namely, that the parties reside in different states, and that the
12 amount in controversy exceeds $75,000. *See* Complaint ¶¶ 2, 5-7   Nor has Siemons
13 come forward with evidence sufficient to "'convert[] the motion to dismiss into a
14 factual motion,'" and therefore the Schreibers need not come forward with any
15 evidence "'to satisfy [their] burden of establishing subject matter jurisdiction.'" *See*
16 *Safe Air*, 373 F.3d at 1039.[3] The motion to dismiss should be denied.[4]

---

[3] If Siemons were to concede that he is not seeking to recover from the Schreibers in excess of the sum or value of $75,000, exclusive of interest and costs, then he could undermine diversity jurisdiction. Rather than concede this point, however, he seeks to introduce evidence which actually <u>supports</u> the existence of diversity jurisdiction – *i.e.*, a copy of the arbitrator's award from his state court action which awarded him the sum of $100,000. *See* Declaration of Stephen A. Cain In Support of Motion To Dismiss, Exhibit F.

[4] The Ninth Circuit and this Court have recognized that there is no federal question jurisdiction where a declaratory judgment action is based solely on a defense of preemption. *See Alton Box Board Co. v. Esprit De Corp.*, 682 F.2d 1267, 1274 (9th Cir. 1982); *Viz Media LLC v. Steven M. Spector PC*, 2007 WL 1068203, *2 (N.D. Cal. Apr. 10, 2007). These authorities do not apply to this case, however, since it is undisputed that diversity jurisdiction exists here. *Cf. Alton Box*, 682 F.2d at 1274 ("In this case it is conceded that diversity of citizenship was absent. Therefore, the district court had jurisdiction to enter a declaratory judgment only if the manufacturers'

### C. The Fact That Siemons's State Law Claims Are Preempted By The FCRA Did Not Provide The Schreibers With A Basis To Remove

Siemons suggests that the Schreibers should have removed his state court action to this Court, but he cannot seem to decide exactly what to argue on this point. Initially, Siemons argues that the Schreibers "waived their right to remove" by failing to file a timely notice of removal, and that this action is an "end run" around the removal deadline. *See* Defendant's Mem. at 3:4-8. Later, however, Siemons acknowledges that there was no basis for the Schreibers to remove his action to this Court. *See id.* at 3:26-4:22.

In the end, the removal issue raised by Siemons is nothing more than a confused red herring. The Supreme Court has held that removal jurisdiction based on preemption is seldom available, and this court has repeatedly held that FCRA preemption is not a basis for removal.

As a threshold matter, "[t]here is a 'strong presumption' against removal and the removal statute is strictly construed against removal jurisdiction." *Klussman v. Cross Country Bank*, 2002 WL 1000184, *2 (N.D. Cal. May 15, 2002). Ordinarily, federal preemption does <u>not</u> permit a defendant to remove. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Only where Congress has <u>completely</u> preempted the field can a federal court exercise removal jurisdiction. *See id.* at 63-64.[5] The Supreme Court has recognized "complete" preemption in very limited

---

complaint raised an issue arising under the federal statutes or the Constitution. 28 U.S.C. s 1331."); *Viz Media LLC*, 2007 WL 1068203 at *2 ("Here, it is undisputed that diversity subject matter jurisdiction does not exist.").

[5] Siemons correctly states that "[u]nless the debtor's claims were completely preempted by federal law, the wording of the well pleaded complaint must prevail. *Sprague v. Bulletin Co*. . . ." Defendant's Mem. at 3:26-28. But this truism proves nothing. *Sprague* simply addressed whether a defendant could remove where the claims asserted in the "well-pleaded complaint" were not completely preempted. The Schreibers have not sought to remove Siemons's state court action.

circumstances, none of which are present here. *See id.*; *see also Sehl v. Safari Motor Coaches, Inc.*, 2001 WL 940846, *5 (N.D. Cal. Aug. 13, 2001) (observing that "[t]he 'complete preemption' doctrine has been limited primarily to state law claims that are displaced by the ERISA, the Labor Management and Relations Act (LMRA), and the Railway Labor Act.").

Although the FCRA unquestionably preempts a wide range of state-law claims, it does not occupy the field. This court, and others, have repeatedly and consistently held that the FCRA does not "completely preempt" state law. *See Chase Bank USA, N.A. v. Duran*, 2006 WL 889432, *1 (N.D. Cal. Apr. 5, 2006); *Walker v. Bank of Am.*, 2005 WL 465177, *1 (N.D. Cal. Feb. 28, 2005); *Sehl*, 2001 WL 940846 at *6. As the court concluded in *Walker*, Congress manifested its intent "not to completely preempt the area of regulation of persons who furnish information to consumer reporting agencies." 2005 WL 465177 at *1 (citing 15 U.S.C. § 1681t(b)(1)(F)).

Siemons concedes this point when he cites *King v. Retailers Nat. Bank*, 388 F. Supp. 2d 913 (N.D. Ill. 2005), for the proposition that his "state based claims are not completely preempted" by the FCRA. *See* Defendant's Mem. at 4:1-2.[6] The *King* court held that the FCRA does not 'completely preempt' state law claims for purposes of removal jurisdiction. *See King*, 388 F. Supp. 2d at 916.

Although the FCRA does not "completely" preempt state law, rest assured, the statute <u>does</u> preempt all of the state law claims asserted by Siemons. This Court has consistently and repeatedly held that state law claims that are based on the furnishing of allegedly false or inaccurate information to a consumer reporting agency are preempted by the FCRA *See Pacheco v. Citibank (South Dakota), N.A.*, 2007 WL 1241934, *2 (N.D. Cal. Apr. 27, 2007); *Howard v. Blue Ridge Bank,* 371 F. Supp.2d

---

[6] *See also id.* at 4:16-18 (noting that FCRA "allow[s] for state court remedies, which contradicts the exclusive subject [sic] jurisdiction claim necessary for the Alameda County action to be preempted by this complaint.").

1139, 1144 (N. D. Cal. 2005); *Davis v. Maryland Bank*, 2002 WL 32713429 (N.D. Cal. 2002); *see also Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005).

In addition, all state law claims concerning the sale of identity theft accounts, and all state law claims based on attempts to collect on identity theft accounts, are preempted. Specifically, the FCRA provides that "no requirement or prohibition may be imposed under the laws of any State with respect to the conduct required by the specific provisions of [§§ 1681m(f) or 1681m(g)]" concerning the sale, transfer or collection on any identity theft account. *See* 15 U.S.C. § 1681t(b)(5)(H).

In sum, the fact that Siemons's state law claims are preempted by the FCRA did <u>not</u> provide the Schreibers with a basis to remove Siemons's state court action. Had they attempted to do so, the Court surely would have remanded the action. *See, e.g., Duran*, 2006 WL 889432 at *1. Because the Schreibers could not have removed, it logically follows that they did not "waive" the right to remove by first litigating in state court and then filing the present action, as Siemons argues. *See* Defendant's Mem. at 6:13-21.[7]

## IV. <u>CONCLUSION</u>

This Court has federal subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332. Siemons does not dispute the allegations in the Complaint that the

---

[7] Thus, his reliance on *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244 (11th Cir. 2004) (per curiam), and *Rosenthal v. Coates*, 148 U.S. 142 (1893), is misplaced. Similarly, the cases of *Kansas Ass'n of Public Employees (KAPE) v. State of Kansas*, 737 F. Supp. 1153 (D. Kan. 1990), *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986) (per curiam), and *Hagerty v. Succession of Clement*, 749 F.2d 217 (5th Cir. 1984), do not help Siemons. In each of those cases, the plaintiff filed an action in federal court seeking review of a state court judgment. The courts all held that a federal court lacks jurisdiction to review the final decision of a state court. Here, the Schreibers do not seek review of any decision of the state court; indeed, no judgment has been entered yet in the state court.

parties are diverse and that the amount in controversy exceeds $75,000. Because the facts are uncontroverted, the Court must assume the truth of the factual allegations in the Complaint.

Further, the "removal" arguments advanced by Siemons are irrelevant to this motion. Because the FCRA does not completely preempt all state law claims, the Schreibers could not have removed Siemons's state court action. The motion to dismiss should be denied.

Dated: July 21, 2007               SIMMONDS & NARITA LLP
                                   TOMIO B. NARITA
                                   JEFFREY A. TOPOR


                                   By:    /Tomio B. Narita/
                                          Tomio B. Narita
                                          Attorneys for Plaintiffs