CASE 3:07-cv-02467-MJJ   Document 18   Filed July 28, 2007   Page 1 of 7

Stephen A. Cain, SB#111049
Attorney at Law
1101 Standiford Avenue, Suite D-2
Modesto  CA  95350
Telephone: (209) 567-1300
Fax: (209) 567-1304
StephenAustinCain@hotmail.com

Attorney for Defendant
ROBERT MICHAEL SIEMONS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUZANNE SCHREIBER, an individual; JEFFREY SCHREIBER, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>ROBERT MICHAEL SIEMONS, an individual, <br><br>Defendant. | **Case No.: C07-02467 MJJ** <br><br> REPLY BRIEF <br><br> Date: August 14, 2007 <br> Time: 9:30 a.m. <br> Courtroom 11, 19th Floor <br> JUDGE MARTIN J. JENKINS |

Pursuant to Local Rule 7-3 (c), defendant ROBERT MICHAEL SIEMONS submits the following Reply Brief to plaintiff's Memorandum in Opposition to defendant's Motion to Dismiss First Amended Complaint.

I.

PLAINTIFFS' MOTIVE IS OBVIOUS

The motive for filing the First Amended Complaint was the realization that claiming federal jurisdiction based on 28 USCA 1331 would be a death penalty, and to plead for jurisdiction under 28 USCA 1332 . The hope is that the change in form will obscure the absence in any change of substance.

What is it that the plaintiffs really want? According to the prayer in the First Amended

REPLY BRIEF                                                                                               CASE **C07-02467 MJJ**

CASE 3:07-cv-02467-MJJ    Document 18    Filed July 28, 2007    Page 2 of 7

Complaint the plaintiffs want a declaration that (1) they, as individuals, are not responsible for any damages caused to the defendant, that (2) plaintiffs' conduct is governed by and preempted by the Fair Credit Reporting, and that (3) the defendant lacks standing to purse any claims against the plaintiff under federal or state law. The issue of personal responsibility has been a sharply contested issue in the state case. The plaintiffs' are very much aware that the arbitrator found that the facts supported a finding of personal responsibility. Attached as **Exhibit A** to the Declaration of Stephen A. Cain, served and filed herewith, is a true and correct copy of the Notice of Motion for Summary Judgment in the state court action. The relief requested is for the plaintiffs to be absolved of personal responsibility to the defendant for the damages he suffered due to the actions of the entity known as S & A Services of Marion.

Fearing that an Alameda County judge might deny their motion and that an Alameda County jury might make the same determination as the arbitrator, the plaintiffs launched a "second front" in this Court seeking the identical relief from personal liability. It is telling that the plaintiffs' First Amended Complaint makes no mention of the state court action. Had the defendant not filed this motion the Court would have been unaware that this filing is a variation on the theme of forum shopping. Basically, the plaintiffs have re-styled what is an affirmative defense in the state action to be a "Declaratory Judgment" action in this Court, and seek to litigate only their sanitized version of the facts in a vacuum free of the damning evidence that has been developed in the state court action. The Federal Court System is certainly more than the source of refuge to litigants who are unhappy with the progress of their state court cases.

II.

PLAINTIFFS' ARGUMENTS ARE CONTRADICTORY

28 U.S.C.A. § 1441 allows a defendant who believes that he has been improperly sued in state court to seek removal to the federal court system. From the outset of the litigation in 2004 these plaintiffs, and especially the very accomplished lawyer-plaintiff Jeffrey Schreiber, knew that there was diversity of citizenship, which could confer federal jurisdiction, and that the case involved issues under the FCRA. The plaintiffs chose to do nothing. They only responded after their personal defaults were taken, which was long after the window of opportunity to seek removal had closed.

REPLY BRIEF                                                                  CASE **C07-02467 MJJ**

It is a principle of equity that one can not do indirectly what cannot be done directly. To avoid the application of this principle, the plaintiffs seek to elevate the form of their actions over the substance of their conduct in two ways. In the first instance, plaintiffs admit that they would have failed had they made a timely motion for removal, and that the case would have been remanded to Alameda County. This would constitute the prohibited "direct" action in the equitable principle stated above. Even though plaintiffs agree that this Court would not have retained jurisdiction if removal had been sought, they claim that if they raise the identical issues in a declaratory judgment action the Court will accept jurisdiction. This would constitute doing indirectly what the court would not have allowed directly if removal had been sought.

The plaintiffs' overlook that their amendment to claim diversity is a two edge sword. It confer jurisdiction in the present case, but it also admits that when served in 2005, the plaintiffs had the same access to federal jurisdiction. Removal can be based on diversity alone. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) That diversity would allow removal when there might have been insufficient federal question jurisdiction is well recognized. *Caterpillar, Inc. v. Williams,* supra at 393; *Walker v. Bank of America*, 2005 WL 465177, *1 (N.D.Cal.,2005 Feb 28, 2005). The plaintiffs cannot argue now that they are entitled to claim jurisdiction pursuant to 28 USCA 1332, without having to admit that 28 U.S.C.A. § 1441 (b) granted them the power to remove the action had they so chose. The statute, 28 U.S.C.A. § 1441 (b), contains two sentences. The first deals with federal question removal and the second, "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" applied to Jeffrey Schreiber, a resident of Indiana, and Suzanne Schreiber, a resident of Massachusetts. Having waived that opportunity by allowing the 30 day period to elapse, this action is an impermissible attempt at an end run around the Alameda County Superior Court action.

### III.

### THE PREEMPTION ARGUMENTS ARE BESIDE THE POINT

All of the argument set forth in section C. of the Opposition (p. 5:1-8:16) are based on cases in which the defendant was seeking removal based on a federal question, 28 USCA 1331, and there

REPLY BRIEF                                                                                                CASE **C07-02467 MJJ**

CASE 3:07-cv-02467-MJJ     Document 18     Filed July 28, 2007     Page 4 of 7

is no dispute that the FCRP will support removal jurisdiction. Plaintiffs themselves cite a case which is essentially on all fours with the state action and confirms the defendant's contention. In *Sehl v. Safari Motor Coaches, Inc.,* 2001 WL 940846, *6 (N.D.Cal Aug 13, 2001) the identical provisions of the FCRA were at issue as part of a similar state court action, and the case was remanded. The only distinction is that jurisdiction was sought under 28 USC 1331, as did the plaintiffs in their original complaint.

Similarly, the argument that the FCRA has not completely preempted the field is not disputed. The defendant does not argue that the FCRA completely preempts the state law because to do so would be admitting that his state case has no possibility of success. However, in another instance of inconsistency, the plaintiffs do allege in paragraphs 18 through 21 of the First Amended Complaint, (p.6:5-7:4) that the FCRA has completely preempted all state based claims that could me made in this case. If plaintiffs believe in the lack of complete preemption as they argued in the Opposition Memorandum, then the merits of their claims of the FCRA preemption in their First Amended Complaint are suspect. One cannot have it both ways.

IV.

THE FACTUAL CHALLENGE IS UNOPPOSED

Plaintiffs concede that a Motion to Dismiss pursuant to Rule 12(b)(1) may raise factual arguments disputing subject matter jurisdiction and even obtain summary judgment. Defendant has produced factual evidence that at all times this was a case of diversity of citizenship and that the plaintiffs sat on their rights to request removal to the Federal Court for two years. These plaintiffs operate their very successful debt collection business through a web of collapsible corporations so that this action was of no consequence. However, as soon as a substantial adverse arbitration award, albeit temporary, was rendered against them personally, they sought refuge in Federal Court. The instant declaratory judgment action is focused only at avoiding personal liability, and uses the FCPA allegations to make it appear that there are some federal issues to be decided. The factual evidence presented confirms that the sections cited in the First Amended Complaint are not even part of the defendant's state court claims. This action is a sham to avoid the exposure in state court. The copy of the Notice of Motion for Summary Judgment filed in Alameda County Superior Court

REPLY BRIEF                                                                                                       CASE **C07-02467 MJJ**

CASE 3:07-cv-02467-MJJ    Document 18    Filed July 28, 2007    Page 5 of 7

demonstrates that the plaintiffs are simultaneously seeking the same remedy, avoidance of personal liability, in two separate courts. Two actions pending in two different courts seeking the same remedy is contrary to the one action rule that avoids conflicting results and undermines judicial integrity. That there is another action pending between the same parties seeking the same remedy in two different courts is a recognized reason for the later court to decline to accept jurisdiction. In state court this objection would be raise by a special demurrer, which in federal Court is a 12 (b) motion to dismiss. See, *Crane v. Battelle* (SD CA 1989) 127 FRD 174, 177. Here, once the Court looks beyond the facial statement of diversity jurisdiction, the facts make it obvious that the circumstances of the prior litigation and the legal theories would not invoke the subject matter jurisdiction of this Court.

Defendant agrees with the holding of *Safe Air for Everyone v. Meyer,* 373 F.3d 1035 (9th Cir.2004) that a factual attack may be made on pleadings to demonstrate that the pleadings are not true. Plaintiff contends that the one and only issue here is diversity jurisdiction under 28 USCA 1332, which is understandable since a claim of jurisdiction under 28 USC 1331 would lead to certain dismissal. It is clear from *Safe Air*, supra at 1039, and the cases cite in Fn3. that the Court is permitted to accept the truth of the diversity jurisdiction and still examine the complaint to determine its merit. The case of *Morrison v. Amway*, 323 F.3d 920 (CA. Fla.2003), a diversity case is even more instructive. The proper procedure is stated as follows:

If a jurisdictional challenge does implicate the merits of the underlying claim then:

[T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. supra at 925 (quoting *Williamson v. Tucker,* 645 F.2d 404, 415-16 (5th Cir.1981

In *Safe Air*, supra at 1040, the descriptive term is frivolous. Here the claimed statutory provisions which the defendant is supposedly violating are not part of his legal action. The issue being litigated is identical to those which have been and are still being litigated in the state action. The pending motion for the identical remedy by way of summary judgment in the state court, removes all doubt that this is nothing but an artfully crafted complaint hoping to obtain relief in this

REPLY BRIEF                                                                                                    CASE **C07-02467 MJJ**

CASE 3:07-cv-02467-MJJ    Document 18    Filed July 28, 2007    Page 6 of 7

Court from what will probably be an adverse result in Alameda County. This complaint is a sham. It is frivolous. Judicial economy is best prompted by allowing the state court action which has been in litigation for three years and which has a November trial date to proceed. If the plaintiffs either are successful on their motion for summary judgment or successful defending themselves all issues will be resolved in a matter of 3 ½ months within the State Court Action. Even if the plaintiffs lose the Alameda County action they will have the right to appeal the issue of personal responsibility.

V.

CONCLUSION

The theme of this litigation is arrogance. Arrogance caused the plaintiffs to initially ignore the case in Alameda County. Arrogance caused the plaintiff to file this case. Arrogance caused the plaintiffs to not even present one fact to controvert the factual attack.

Since 2005 plaintiffs have been defending a lawsuit in Alameda County Superior Court knowing full well that the issue of diversity of citizenship under 28 USCA 1332 was an issue. Jeffrey Schreiber is a very successful lawyer who practices in New York, Massachusetts, and Indiana, and has intimate knowledge of the federal justice system. In the first 30 days the plaintiffs defaulted rather than to seek removal. They then chose to actively litigate for over two years because they believed that they had dissolved the collapsible corporation whose employees caused the defendants' damages. When the arbitrator found against them personally based on California law, the panic button was pushed. Attorneys were changed, the instant action was filed and the motion of summary judgment (**Exhibit A**) was filed. As has been demonstrated, this action is in the first instance tantamount to a removal motion, the right to which was lost two years ago. The fact that the plaintiffs have "repackaged" their attempted removal will not revive the long passed opportunity. Even then, they initially did it wrong by claiming jurisdiction under 28 USCA 1331 and had to amend their complaint to allege jurisdiction under 28 USCA 1332. Then, as the factual attack launched by the defendant demonstrates, the action has no substance and is a sham pleading intended only to state a claim that this Court, unaware of the Alameda County case, might believe to be genuine. Every issue has been litigated or will soon be in the Alameda County action. Judicial economy and the avoidance of inconsistent results are served by having the first filed and ripest

REPLY BRIEF                                                CASE **C07-02467 MJJ**

CASE 3:07-cv-02467-MJJ    Document 18    Filed July 28, 2007    Page 7 of 7

1  case proceed. It is respectfully requested that the motion to dismiss pursuant Rule 12 (b)(1) be

2  granted.

3  Dated: July 28, 2007                               Respectfully submitted,

4                                                   ____/s/  Stephen A. Cain
                                                      Stephen A. Cain
5                                                     Attorney for Defendant
6                                                     ROBERT MICHAEL SIEMONS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28