IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE SCHREIBER,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT MICHAEL SIEMONS,<br><br>            Defendant. | No. C07-02467 MJJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

### INTRODUCTION

Before the Court is Defendant Robert Michael Siemons' ("Defendant" or "Siemons") Motion to Dismiss For Lack of Subject Matter Jurisdiction.[1] Plaintiffs Suzanne Shreiber and Jeffrey Schreiber (collectively, "Plaintiffs" or "Shreibers") oppose the motion. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

### FACTUAL BACKGROUND

In this declaratory relief action, Plaintiffs – who are currently state court defendants in an action brought by Defendant for violations of state law arising from the same underlying conduct at issue here – seek an order finding that Defendant's state law claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

**A.    State Court Action**

On August 25, 2004, Defendant filed a state court action against Plaintiffs, among others,

---

[1] Docket No. 12.

1  and alleged that Plaintiffs intentional transmitted false debt-related credit information about
2  Defendant to various credit reporting agencies ("state court action").  (Cain Decl. Ex. A at ¶¶ 13-
3  18.)[2]  In the state court action, Defendant alleged that Plaintiffs continued to knowingly provide the
4  false credit information, refused to withdraw or correct the credit information, ignored Defendant's
5  notice indicating that he was a victim of identity theft, and improperly sold the debt to a third-
6  parties.  (*Id*. at ¶ 19-22.)  Defendant asserted causes of action under California law for defamation,
7  intentional infliction of emotional distress, and violations of California Civil Code § 1785.16.2(c)[3],
8  and seeks actual and punitive damages ("state law claims").  (*Id*. at ¶¶ 20-25.)   Defendant has
9  asserted no federal claims in the state court action.
10  On March 1, 2007, an arbitrator granted a non-binding judgment in favor of Defendant
11  awarding Defendant $100,000 in damages and reasonable attorneys' fees.  (*Id*., Ex. F.)  The
12  arbitrator found that a preponderance of the evidence indicated that Plaintiffs had acted in concert
13  with the intent to defraud Defendant.  (*Id*.)  After Plaintiffs requested a trial de novo, the state court
14  scheduled a jury trial for November 2, 2007. (*Id*., Ex. D.)
15  **B.    The Current Action**
16  On May 8, 2007 and June 19, 2007, Plaintiffs filed the original Complaint and First
17  Amended Complaint ("FAC") in the current action, respectively ("current action").  Plaintiffs assert

---

[2] *Siemons v. First U.S.A. Bank, N.A., et al.*, Alameda County Superior Court, Case No. VG04172155.

[3] California Civil Code § 1785.16.2 is entitled "Sale of consumer debt to debt collector; identity theft; subsidiaries or affiliates; interstate commerce requirement," and provides that:

> (a) No creditor may sell a consumer debt to a debt collector, as defined in 15 U.S.C. Sec. 1692a, if the consumer is a victim of identity theft, as defined in Section 1798.2, and with respect to that debt, the creditor has received notice pursuant to subdivision (k) of Section 1785.16.
>
> (b) Subdivision (a) does not apply to a creditor's sale of a debt to a subsidiary or affiliate of the creditor, if, with respect to that debt, the subsidiary or affiliate does not take any action to collect the debt.
>
> (c) For the purposes of this section, the requirement in 15 U.S.C. Sec. 1692a, that a person must use an instrumentality of interstate commerce or the mails in the collection of any debt to be considered a debt collector, does not apply.

Cal. Civ. Code § 1785.16.2

2

diversity jurisdiction is appropriate because the parties are diverse and the action involves the requisite amount in controversy. (FAC ¶ 2.) Plaintiffs seek a declaratory judgment in their favor finding that they are not legally responsible for any alleged harm caused to Defendant. (*Id.*, ¶ 34.) Plaintiffs base their current declaratory relief claim on the same nucleus of operative facts that form the basis of Defendant's state law claims. (*Id.* ¶¶ 22 -32.I.) In their FAC, in this action, Plaintiffs contend that Defendant lacks standing to assert any state or federal claims against Plaintiffs, and that any state law claim that Defendant may seek to assert is preempted by the FCRA. (*Id.* ¶¶ 32.A.-K.)

Defendant now seeks an Order dismissing the current declaratory relief action for lack of subject matter jurisdiction.

## LEGAL STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, embraces both constitutional and prudential concerns. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998). A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239-40 (1937). It must also fulfill statutory jurisdictional prerequisites. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950). If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. *Dizol*, 133 F.3d at 1223. This determination is discretionary, because the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Id.* (citing *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)). The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112 (1962).

In deciding whether jurisdiction is appropriate, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). In doing so the district court should consider the following factors: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Dizol*,

3

133 F.3d at 1225 (citations omitted)[4]. If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. *Id.*; *Chamberlain*, 931 F.2d at 1366-67. The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief, however district courts should generally decline to entertain reactive declaratory actions. *Id.* (citing *Chamberlain*, 931 F.2d at 1367.) "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 1231. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.*

## ANALYSIS

Defendant argues that this Court does not have subject matter jurisdiction over the current action because it is an impermissible collateral attack on Defendant's state law claims long-pending in the state court action. According to Defendant, unless his pending state law claims are "completely preempted" by the FCRA, his well-pleaded state law claims must prevail. *Sprague v. Bulletin Co.*, 527 F. Supp. 1016 (E.D. Pa. 1981). Defendant also contends that the current action is an untimely "end-run" attempt by Plaintiff to improperly remove the state court action after litigating in state court for over two years.[5] In opposition, Plaintiffs argue that this Court has subject matter jurisdiction over the current action under 28 U.S.C. § 1332 because the parties are

---

[4] Other factors considered include whether the declaratory action: 1) will settle all aspects of the controversy; 2) will serve a useful purpose in clarifying the legal relations at issue; 3) is being brought for purposes of "procedural fencing" or to obtain a res judicata advantage; and 4) will result in entanglement between the federal and state court systems. *Dizol*, 133 F.3d at 1225 n. 5.

[5] At the outset the Court dismisses Defendant's argument that Plaintiffs failed to timely remove the current action. As best the Court can discern from the current record, Plaintiffs do not have a basis to remove the state court action. First, there is no diversity jurisdiction because the state court action lacks complete diversity. (Cain Decl., Ex. A at ¶¶ 1-5.) Second, there is no federal question jurisdiction because the state court action does not assert any claims arising under federal law or the United States Constitution. Third, there is no removal jurisdiction because federal preemption, as a defense, does not create removal jurisdiction. *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 US 1, 12 (1983) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 US 109, 116 (1936)). While "complete preemption" would operate to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the state court complaint, here the parties concede that the FCRA does not "completely preempt" state law. *In re U.S. Healthcare, Inc.*, 193 F3d 151, 160 (3rd Cir. 1999).

4

completely diverse[6] and because the amount in controversy exceeds the requisite jurisdiction amount[7]. Plaintiffs concede that the FCRA *does not* "completely preempt" state law, however Plaintiffs contend that the FCRA *does* preempt all of Defendant's state law claims now pending in the state court action, and therefore Plaintiffs can have no liability under state or federal law. On that basis, Plaintiffs explain that the current action – seeking declaratory relief under the FCRA only – is proper.

Here, the Court finds that prudential concerns predominate the analysis. In exercising its discretion, the Court finds that an exercise of subject matter jurisdiction is not appropriate on the current record. If the Court were to exercise subject matter jurisdiction over the current declaratory relief action it would likely necessitate factual and legal findings that would unreasonably overlap and entangle with the issues long-pending in the state court action. Such an exercise of subject matter jurisdiction would be improper because it would encourage the filing of declaratory actions as a means of forum shopping. *Dizol*, 133 F.3d at 1225 (citations omitted). Moreover, the Court notes that because the state court action was ongoing at the time Plaintiffs filed the current action and because the actions are parallel – to the extent they involve the same alleged conduct and parties – there exists a presumption that the entire suit should be heard in state court. *Id.* at 1225; *Chamberlain*, 931 F.2d at 1366-67. Recognizing that "procedural fencing" and gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided, the Court finds that the exercise of subject matter jurisdiction over the current action would be inappropriate. *Dizol*, 133 F.3d at 1231. Plaintiffs have adduced no basis to conclude otherwise.[8]

---

[6] Plaintiffs allege that Plaintiff Suzanne Schreiber resides in Massachusetts, that Plaintiff Jeffrey Schreiber resides in Indiana, and that Defendant resides in California. (FAC ¶¶ 5-7.)

[7] As evidence that the current controversy exceeds $75,000, Plaintiffs point to the $100,000 non-binding arbitration award in favor of Defendant. (Cain Decl. Ex. F.)

[8] Plaintiffs contend that the FCRA preempts each of Defendant's state law claims now pending in the state court action. According to Plaintiffs, the FCRA preempts claims relating to the intentional furnishing of false credit information, and the sale and collection of identity theft accounts.

Section 1681t of the FRCA governs its preemptive scope. 16 U.S.C. § 1681t. This section provides, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any State-(1) with respect to any subject matter regulated under ... (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ...." 15 U.S.C. § 1681t(b). Section 1681s-2 prohibits furnishing information known to be false, or where there is reasonable cause to believe it is false, about a consumer to a consumer reporting agency. 15 U.S.C. § 1681.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: August 14, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

Based on this statutory language, a district court in California has found that "[o]n its face, the FCRA precludes all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information." *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) (finding plaintiff's state law claims, including one under the Rosenthal Act, based on an alleged injury arising purely from the reporting of credit information were preempted). Although the Ninth Circuit has not yet ruled on this issue, "the majority of district courts in the Ninth Circuit have held that the FCRA preempts state statutory and common law causes of action which fall within the conduct proscribed under § 1681s-2(a)." *Pacheco v. Citibank (South Dakota), N.A.*, 2007 WL 1241934 at *2 (N.D. Cal. 2007) (citing *Trout v. BMW of North America*, 2007 WL 602230, *2 (D. Nev. 2007); *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1175 (D. Hawai'i 2003); *Roybal*, 405 F. Supp. 2d at 1179-80; *see also Davis v. Maryland Bank, N.A.*, 2002 WL 32713429 at *12 (N.D. Cal. 2002) (citing *Aklagi v. Nationscredit Financial Serv. Corp.*, 196 F. Supp. 2d 1186, 1194-95 (D. Kan. 2002) (finding defamation claim preempted under section 1681t(b)(1)(F)); *Hasvold v. First U.S.A. Bank*, 194 F. Supp.2d 1128, 1239 (D. Wyo. 2002) (finding FCRA preempts state common law claims for defamation, invasion of privacy, and interference with prospective advantage); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001) (Section 1681t(b)(1)(F) preempts Pennsylvania's Consumer Protection law); *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 503 (W.D. Tenn.1999) (finding that section 1681t(b)(1)(F) preempts Tennessee's consumer protection act); *National Home Equity Mortgage Ass'n v. Face*, 64 F. Supp. 2d 584, 592 (E.D. Va. 1999); *but see Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 931 (N.D. Ill. 2000) (finding that claims for negligence, defamation, and invasion of privacy "may not fairly be characterized as imposing any requirement or prohibition on persons who furnish credit" as that term is used in section 1681t(b)(1)(F))).

However, because the Court has determined that subject matter jurisdiction is inappropriate on the current record, it need not reach the issue of whether the preemptive scope of the FRCA will serve as a defense to Defendant's state law claims now pending in the state court action. To the extent the FCRA provides a federal preemption defense to the pending state law claims, Plaintiffs are free to properly assert that defense in state court.